Austin
v.
Morse.

---

## AUSTIN *vs.* MORSE.

In *trespass quare clausum fregit,* if the declaration be general, without naming the *locus in quo* or the abuttals of the close, and the defendant pleads *liberum tenementum,* upon which the plaintiff takes issue, instead of *new assigning,* the defendant verifies his plea by shewing title to any lands *in the town* where the premises are alleged in the declaration to be situate.

ERROR from the Washington common pleas. Austin sued Morse in an action of *trespass quare clausum fregit,* stating the close to be situate in the *town of Easton,* without naming the close, or specifying abuttals. The defendant pleaded *liberum*

*tenementum,* and the plaintiff replied, taking issue upon the plea. The cause was brought to trial, and the principal question between the parties was the ascertainment of a boundary line. After much testimony was given, the common pleas intimated their opinion that the defendant had made out his defence, and advised the plaintiff to submit to a nonsuit, with leave to make a case and to turn the same into a bill of exceptions; the plaintiff accordingly submitted to a nonsuit. The cause was brought before this court on a bill of exceptions. The judgment of the common pleas was reversed, but it is not deemed material to report more of the case than what relates to the plea of *liberum tenementum.*

ALBANY,
Jan. 1832.

Austin
v.
Morse.

*I. Williams,* for plaintiff in error.

*C. F. Ingalls,* for defendant in error.

*By the Court,* SAVAGE, Ch. J.   The state of the pleadings in this case is not that which is best calculated to settle the point in dispute; for, according to the strict rules of law, if the defendant has shewn title to any land *in the town* of Easton, he has verified his plea.   It was decided in *Helwis* v. *Lombe,* 6 Mod. 117, that " if a man declare *quare clausum* generally in such a *ville,* the defendant may plead *liberum tenementum,* and if the plaintiff traverse it, it is at his peril; for the defendant, if he has any part of his land in the whole town, shall justify it there; and therefore the better way is to make a new assignment."   This doctrine will be found in 1 Saund. 299, b., 7 T. R. 335, per Lawrence, justice, Willes, 223, Salk. 453.   Mr. Chitty states, 1 Chitty's Pl. 565, 6, that in trespass to real property, the plaintiff may answer a plea of *liberum tenementum* in either of four ways: 1. if the close has been described by a name or abuttals in the declaration, then the replication should deny the defendant's title, and conclude to the country; 2. If the plaintiff derives title under the defendant, then he should not deny the defendant's title, but reply a lease or some other title under him; 3. If the plaintiff has a middle case, and neither derives title under the defendant, nor has a title inconsistent with the defendant's title, he may reply

that before the defendant had any thing in the premises, another person was seised, and shew a title derived from such person; 4. If the declaration be general, without naming the *locus in quo* or the abuttals, and there be any reason to apprehend that the defendant has any land in the same parish, the plaintiff must new assign, setting out the *locus in quo* with more particularity.

In the case under consideration, the plaintiff took issue to the defendant's plea without a new assignment. According to the cases cited, the defendant verifies his plea by shewing title to any lands *in the town* of Easton.