FLORENCE H. POWERS, Plaintiff in Error, *vs.* JOHN HEF-
FERNAN, Defendant in Error.

*Opinion filed April 23, 1908.*

1. EASEMENTS—*arrangements for access and light made during
unity of seizin become easements on severance of title.* Arrange-
ments with reference to access, heat and light, made by the owner
of a building while he was seized of the entire title, become ease-
ments when the owner sells a portion of the building, and each
portion of the severed premises is subject to the burdens or ad-
vantages thereby imposed or conferred upon the other.

2. SAME—*when the use of a stairway and hall is an easement.*
Where the owner of a building, upon erecting a new building on
an adjoining lot, uses the stairway and hall of the old building for
many years as the only means of access to the second floor of the
new building, such use becomes an easement upon a sale by him
of the old building, even though the only reservation in his deed
was the right to one-half the party wall between the buildings.

3. SAME—*absolute necessity is not essential to constitute ease-
ment by implied reservation.* In order that a particular method of
use employed by the owner of adjoining tenements shall constitute
an easement by implied reservation after one of the tenements is
sold it is not essential that such use be a matter of absolute neces-
sity, and it is sufficient if it is open and visible and is a reasonable
necessity, and not merely a convenience.

WRIT OF ERROR to the Circuit Court of Champaign
county; the Hon. SOLON PHILBRICK, Judge, presiding.

RAY & DOBBINS, for plaintiff in error.

SAVAGE & WOODS, for defendant in error.

Mr. CHIEF JUSTICE HAND delivered the opinion of the
court:

This was a bill in chancery filed in the circuit court of
Champaign county by the plaintiff in error, against the de-
fendant in error, to enjoin the defendant in error from clos-
ing up a stairway upon the premises of the defendant in
error and a doorway in a partition wall between the prem-

ises of the plaintiff in error and the defendant in error, which afford access to the second story of the building located upon plaintiff in error's adjoining premises. An answer and replication were filed and the case was referred to the master to take the proofs and report his conclusions. The master reported that the plaintiff in error was entitled to the relief prayed for in her bill and recommended a decree to that effect. The court sustained exceptions to the master's report and entered a decree dismissing the bill for want of equity, and a writ of error was sued out from the Appellate Court for the Third District to review said decree, and a freehold being involved, the case was certified to this court by the Appellate Court.

It appears from the pleadings and proofs that one A. L. Beardsley was the owner of four twenty-five foot lots fronting upon Walnut street, in the city of Champaign, numbered 12, 13, 14 and 15; that in the year 1893 she erected upon the two south lots, being lots 12 and 13, a two-story brick building, five inches of the north wall of which stood upon the north line of lot 13 and seven inches of which stood upon the south line of lot 14. There was no alley in the rear of said lots, and the second story of said building was reached by a stairway from Walnut street, which was located immediately adjoining the north wall of the building, and a hallway at the head of said stairs. In 1895 A. L. Beardsley, still being the owner of lots 14 and 15, erected a two-story brick building upon those lots, immediately adjoining the building upon lots 12 and 13, the north wall of the building upon lots 12 and 13 being utilized as a partition wall between the two buildings. A doorway was cut through said partition wall from the hall, and the second story of the building upon lots 14 and 15 was reached by the stairway and hall in the building upon lots 12 and 13. The first story of the building upon lots 12 and 13 was used for stores and the first story of the building upon lots 14 and 15 was used as a printing office. The second stories

of the buildings were used for lodge rooms, a hotel and other purposes, at different times after the two buildings were completed, and there was no means of access to the second story of either of said buildings other than by said stairway and hall. In 1905 Beardsley sold lots 12 and 13, and the building located thereon, to the defendant in error, and conveyed the same to him by warranty deed, the only reservation in the deed being one-half of the party wall situated, in part, upon lots 13 and 14, and the defendant in error took possession thereof. In 1906 Beardsley sold lots 14 and 15, and the building located thereon, to the plaintiff in error, and conveyed the same to her by warranty deed. Shortly after the purchase of lots 14 and 15 by the plaintiff in error the defendant in error forbade the plaintiff in error the right to use said stairway and hall as a means of access to the second story of her building, and threatened to close up the door or doors through said partition wall from said hallway and the stairway leading to said hallway from Walnut street, the effect of which would have been to cut off all means of ingress and egress of the plaintiff in error to and from the upper story of the building upon lots 14 and 15, whereupon this bill was filed.

The law seems to be well settled that the disposition and arrangement of two heritages, or of one heritage consisting of several parts, belonging to one owner, for ease and convenience with reference to ways, light, etc., made during unity of seizin, which are apparent and continuous and necessary to the reasonable enjoyment of the several parts thereof, will be an easement upon the severance of title as to the different parts thereof, and upon a grant of a portion by the owner of the fee each portion of the severed premises will pass subject to the burdens and advantages imposed or conferred upon the different parts of the premises. *Morrison* v. *King,* 62 Ill. 30; *Ingals* v. *Plamondon,* 75 id. 118; *Clarke* v. *Gaffeney,* 116 id. 362; *Cihak* v. *Klekr,* 117 id. 643; *Martin* v. *Murphy,* 221 id. 632.

In the *Morrison case,* James K. Morrison died seized of a three-story building situated in the city of Chicago, which covered several lots, and was known as Nos. 151, 153, 155, 157 and 159 South Clark street. The first story was used for stores and the second and third stories for offices. The building was divided by walls which ran from the ground upwards. The entrance from the street to the second and third stories was by a common entrance for the whole building and by a stairway between stores Nos. 153 and 155, so that two and one-half feet in width for a stairway was taken from store No. 153 and the same width from store No. 155. After the death of Morrison the portions of said building known as Nos. 155, 157 and 159, with the ground upon which they stood, were assigned to his widow as dower. Shortly thereafter his heirs threatened to tear down the portion of the building known as Nos. 151 and 153 for the purpose of re-building on the ground covered by that portion of the building, the effect of which was to destroy the means of access to the second and third stories of the portion of the building set off to the widow, whereupon she filed a bill to enjoin the heirs from thus interfering with her enjoyment of the portion of the building assigned to her as dower. The court entered a decree in accordance with the prayer of the bill, which was affirmed by this court. The court, on page 35, said: "These arrangements for ease and convenience, such as ways, light and support, were provided and used by the owner in fee during unity of seizin. They were apparent and continuous. No person of ordinary faculties, dealing with the premises, could fail to observe them. They were necessary to the reasonable enjoyment of the premises comprising the three stores in question. It is true, as claimed by counsel, that while the whole premises remained in the testator these arrangements for ways, light, support, etc., did not, in any technical sense, amount to easements. Until a severance and the premises were held by separate owners no question of that character need arise.

The foundation of the doctrine of easement in this and similar classes of cases is a disposition and arrangement of the premises as to the uses of the different parts, by him having the unity of seizin, and then a severance. It being a general principle in relation to grants that every grant of a thing naturally and necessarily imports a grant of it as it actually exists, unless the contrary is provided for, it would seem to follow that each portion of the severed premises should pass subject to all the burdens and advantages imposed or conferred by the proper owner. (Citing authorities.) It has been deemed a needless task to present an analysis of these cases. These cases, and others, embody a current of authority holding that an easement may be created by the disposition made of premises by the owner of the estate, and that upon a severance of the title the owners will take their respective shares as they existed in the hands of the former owner."

In *Ingals* v. *Plamondon, supra,* John Crighton owned fifty feet of ground upon the corner of Throop and Monroe streets, in the city of Chicago, which was divided into two twenty-five foot lots. He built upon the north lot a three-story and basement brick house. The south wall rested upon the lot line and was designed as a party wall. In building that wall he constructed therein a furnace flue which projected beyond the wall (which was twelve inches thick) eight inches upon the south lot. He sold the north building, reserving the right to unite upon the south with said party wall, and then sold the south lot. The purchaser of the south lot, in building thereon, sought to remove said eight-inch projection upon the south of the party wall, whereupon the owner of the north lot filed a bill to enjoin him from so doing. The superior court dismissed the bill. This court reversed the decree of that court, and on page 123 said: "The rule of the common law upon the subject is, that where the owner of two heritages, or of one heritage consisting of several parts, has arranged and adapted these

so that one derives a benefit or advantage from the other of a continuous and obvious character, and he sells one of them, without making mention of those incidental advantages or burdens of one in respect to the other, there is, in the silence of the parties, an implied understanding and agreement that these advantages and burdens, respectively, shall continue as before the separation of the title."

In the late case of *Martin* v. *Murphy, supra,* on page 639, the following language was quoted with approval from the case of *Lampman* v. *Milks,* 21 N. Y. 505: "The principle is, that where the owner of two tenements sells one of them, or the owner of an entire estate sells a portion, the purchaser takes the tenement or portion sold, with all the benefits and burdens which appear at the time of the sale to belong to it, as between it and the property which the vendor retains. This is one of the recognized modes by which an easement or servitude is created. No easement exists so long as there is a unity of ownership, because the owner of the whole may at any time re-arrange the qualities of the several parts. But the moment a severance occurs by the sale of a part, the right of the owner to re-distribute the properties of the respective portions ceases, and easements or servitudes are created, corresponding to the benefits and burdens mutually existing at the time of the sale. This is not a rule for the benefit of purchasers only, but is entirely reciprocal. Hence if, instead of a benefit conferred, a burden has been imposed upon the portion sold, the purchaser, provided the marks of this burden are open and visible, takes the property with the servitude upon it. The parties are presumed to contract in reference to the condition of the property at the time of the sale, and neither has a right, by altering arrangements then openly existing, to change materially the relative value of the respective parts."

It is urged by the defendant in error that what is sought to be established here is not an implied grant but an implied reservation, and that in case of an implied reservation the

evidence of the necessity of the reservation must be much greater than in case of an implied grant. This distinction is recognized in *Wells* v. *Garbutt,* 132 N. Y. 430; 30 N. E. Rep. 978. In that case, however, it is held the necessity, even in a case of implied reservation, need not be an absolute physical necessity, but that proof of reasonable necessity, as distinguished from mere convenience, is all that is necessary. In the case at bar it appeared from the evidence that there was no alley in the rear of either of said lots, and that to close up said stairway and the doorways leading through the partition wall into the hall would cut off all access to the second story of the building located upon lots 14 and 15, as the building was constructed and in use for more than ten years by Beardsley before lots 12 and 13 were sold to the defendant in error, and that to build a new stairway in plaintiff in error's building would greatly impair the size and usefulness of the first story and cause an outlay by plaintiff in error of at least $1000. If, therefore, the distinction made in the opinion in *Wells* v. *Garbutt, supra,* (which opinion was rendered by a divided court and is in apparent conflict with the opinion in *Lampman* v. *Milks, supra,* which has been approved by this court in *Ingals* v. *Plamondon, supra,* and in *Martin* v. *Murphy, supra,*) be applied here, the proof shows that the necessity for retaining a means of access to the second story of the building upon lots 14 and 15 by means of said stairway and hall is a reasonable necessity, and not merely a convenience, and brings this case squarely within the principles announced in the case of *Wells* v. *Garbutt, supra.*

It is also urged that Beardsley having conveyed lots 12 and 13 to the defendant in error by a warranty deed, without reservation, except as to one-half of the party wall, the right of Beardsley or the plaintiff in error to use said stairway and hall should be held to have been relinquished by Beardsley to the defendant in error. It is generally held that the right of access, by necessity, to the premises of a

grantor remaining in him after a conveyance of a portion of what he once owned will be presumed not to have been relinquished by general covenants in a warranty deed. Necessity for, and right of, access may indeed be relinquished by express words clearly indicating an intention to do so, but general covenants which do not indicate that such relinquishment was in the mind of the covenantor will not be construed as a waiver of such necessary easements. (*Chappell* v. *New York and H. Ry. Co.* 24 Atl. Rep. 997.) In *Brigham* v. *Smith,* 70 Mass. 297, it was held that a deed of warranty does not estop the grantor to claim a way of necessity over the land granted; and in *Dillman* v. *Hoffman,* 38 Wis. 559, that in every deed of a part of a grantor's land, without express provision on the subject, there is an implied grant or reservation of easements of necessity for the enjoyment of the part conveyed or the part retained; and in *Geible* v. *Smith,* 146 Pa. St. 276, that where a continuous and apparent easement or servitude is impressed by the owner of real estate on a part thereof for the benefit of another part, and the portions are subsequently conveyed to different persons, the purchaser of the servient property, in the absence of an express reservation or agreement, takes it subject to the easement of servitude. See, also, *Elliott* v. *Rhett,* 57 Am. Dec. 750, and note.

It is also urged that the building constructed upon lots 12 and 13 and the building constructed upon lots 14 and 15 were not constructed at the same time, and that the floors of the second stories of said buildings were not upon a level, and that for those reasons the doctrine announced in *Morrison* v. *King, supra, Ingals* v. *Plamondon, supra,* and *Martin* v. *Murphy, supra,* should not be held to apply to this case. This contention we think without force, as the two buildings, with the right of access to the second stories, had been used in the form in which they existed at the time the defendant in error purchased the south building, by Beardsley for something like ten years. The use of the stairway

and the doorway extending through the partition wall to the hallway upon the property of defendant in error as a necessary means of access to the second story of the building of plaintiff in error upon lots 14 and 15 was apparent to the most casual observer, and was actually known to the defendant in error at the time he purchased lots 12 and 13 and the building thereon. We are of the opinion he took the property purchased by him from Beardsley burdened with the right of access through said stairway and hallway, and by the way of said door or doors through said partition wall, to the second story of the building of plaintiff in error located upon lots 14 and 15, and that the circuit court erred in dismissing the bill of plaintiff in error.

The decree of the circuit court will therefore be reversed and the cause remanded to that court, with directions to enter a decree in accordance with the prayer of the bill.

*Reversed and remanded, with directions.*