DELIA D. MARKS, Appellee, vs. JAMES P. MADSEN, Appellant.

*Opinion filed December 17, 1913.*

1. BOUNDARY LINES—*what testimony does not tend to show an agreed boundary line.*  In an action of trespass *quare clausum fregit,* testimony that plaintiff's grantor measured off forty feet of the lot conveyed by the deed and put a stake down, and that plaintiff built a fence upon the line so indicated and took possession, is admissible for the purpose of showing the nature of the plaintiff's possession, but it has no tendency to show an agreed boundary line and should be limited to the purpose for which it was admissible.

2. SAME—*when rule concerning boundary lines by agreement does not apply.*  The rule concerning boundary lines by agreement applies under two conditions, only,—where the line is in dispute and where it has not been ascertained,—and in either case the agreement is for the purpose of establishing the disputed or unascertained line; but the rule does not apply where the grantor merely measures off a certain number of feet and drives a stake and the grantee builds a fence on the line and takes possession.

3. EVIDENCE—*when general objection against husband testifying is properly overruled.*  In an action concerning the separate property of the wife the husband is competent to testify as against a general objection to his testifying, and the fact that he testified to conversations of the wife which he was not competent to testify to is not ground for complaint, where no objection was made to any particular question or answer relating to the conversation.

4. PLEADING—*when plaintiff in trespass quare clausum fregit must make a new assignment.*  If the declaration in an action of trespass *quare clausum fregit* is general, without particularly describing the land, and the defendant has any land in the same jurisdiction, the latter may, under a plea of *liberum tenementum,* show in defense that he has title to any land in the jurisdiction unless the plaintiff makes a new assignment particularly describing the *locus in quo.*

5. SAME—*office of a new assignment where a plea of liberum tenementum is filed.*  The office of a new assignment, where a plea of *liberum tenementum* is filed to a declaration in an action of trespass *quare clausum fregit* which merely describes the plaintiff's close as being in the county, is to furnish a more particular description of the plaintiff's land, the reason for the new assignment being that the judgment under such plea, where ownership of the land is tried, is *res judicata* of the location of the boundary line.

APPEAL from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding.

POPE, HOIG, FULLER & NICHOLS, (JOHN W. LEEDLE, of counsel,) for appellant.

JOHN S. REYNOLDS, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an action of trespass *quare clausum fregit,* brought by Delia D. Marks, the appellee, in the circuit court of Cook county, against James P. Madsen, the appellant. The declaration described the premises as a certain close of the plaintiff situated in Cook county, to which she had title, under the Statute of Limitations, by adverse possession for twenty years. The defendant filed a plea of the general issue and a plea of *liberum tenementum.* To the plea of freehold the plaintiff filed a general replication. Afterward, by leave of court, the plaintiff filed an additional count, in which the premises were described in the same general way and the title alleged was the same as in the original declaration. To the additional count the defendant filed a plea of the general issue, a plea of *liberum tenementum,* and a third plea that the close in the additional count mentioned was the close of the defendant, which the plaintiff had used under a license from the defendant. The plaintiff filed a general replication to this third plea and did not reply to the plea of *liberum tenementum,* but the parties went to trial treating the issues as made up. On the trial the plaintiff introduced evidence of record title to the west forty feet of lot 18 in block 1, in a subdivision of a tract of land described by the government description, in Cook county, and the defendant introduced evidence of like record title to the east ten feet of the same lot and the adjacent lot 19. There was no description of any particular tract, piece, or

parcel of land in the declaration or additional count, and there was no new assignment by the plaintiff describing the premises upon which the trespass was alleged to have been committed.    Evidence was introduced by both parties relating to a dispute as to the boundary line between the two portions of the tract.    There was a verdict for the plaintiff for $300, on which judgment was entered, and an appeal was allowed and perfected.

Lot 18 had been owned by Mrs. Routzong, and she sold the west forty feet to the plaintiff, retaining the east ten feet.    The plaintiff, while testifying, was asked how the line was located between her and Mrs. Routzong, and the question was objected to because there was no issue in the case about an agreed boundary line.    The court overruled the objection, and the plaintiff said that Mrs. Routzong measured off the plaintiff's forty feet and put a stake down, and that plaintiff built a fence on the line and took possession.    The fact stated was competent to show the nature of the plaintiff's possession and that it was adverse in its inception, but as it only showed an effort to find the true line it did not tend to prove an agreed boundary line.    The evidence should have been limited to its legitimate purpose.

The husband of plaintiff was called as a witness and was allowed to testify, over the objection of the defendant. Under section 5 of chapter 51 of the Revised Statutes the husband was competent, because the litigation was concerning the separate property of his wife, and the general objection was properly overruled.    Under the proviso of the section he was not competent to testify to conversations of his wife.    (*Donnan* v. *Donnan,* 236 Ill. 341; *Baker* v. *Baker,* 239 id. 82.)    He did testify to conversations of his wife with the defendant, and no objection was made to the particular question or answers relating to the conversation.

The court, by an instruction, submitted to the jury the question whether the owners of the adjacent portions of the lot mutually agreed upon a division line and established

it as between themselves and afterwards a fence was built upon the line, and applied the rule concerning boundary lines established by agreement. There was no evidence upon which this instruction could be based. The rule only applies under two conditions: First, where the line is in dispute; and second, where it has not been ascertained; and in either case the agreement is for the purpose of establishing the disputed or unascertained line. (*Sonnemann* v. *Mertz,* 221 Ill. 362; *Purtle* v. *Bell,* 225 id. 523.) The only evidence relating to the location of the line by adjacent owners was that Mrs. Routzong measured off forty feet for the purpose and with the intention of ascertaining the true line, and if by accident or mistake the measurement was wrong or the line not a true one the fact of the measurement would bind no one.

The court refused to direct a verdict for the defendant and also denied the defendant's motion for a new trial, and these rulings present the question whether the defendant made a complete defense under his pleas of *liberum tenementum.* The plaintiff alleged a trespass upon a close in Cook county, which would be well enough as against a wrongdoer, but the defendant by his pleas alleged that he was the owner of said close. The plea answered the declaration and if proved was a complete defense. The rule has always been that if a declaration be general, without naming the *locus in quo,* and the defendant has any land in the same jurisdiction, the plaintiff must always make a new assignment, setting out the *locus in quo* with more particularity. (1 Chitty's Pl. 595.) The plea confessed that the plaintiff had such possession of a close in Cook county as would enable her to maintain trespass against a wrongdoer, and asserted a right of freehold in the defendant with a right of immediate possession, carrying with it a right to enter, as a justification for the trespass. (*Fort Dearborn Lodge* v. *Klein,* 115 Ill. 177.) The issue under the plea

was whether the premises described in the declaration were defendant's freehold, and the premises being described generally, the defendant could show title to any land in the jurisdiction. (*Ellet* v. *Pullen*, 12 N. J. L. 357; *Helwis* v. *Lombe*, 6 Mod. 117; 1 Saund. 299; *Austin* v. *Morse*, 8 Wend. 476; *Goodright* v. *Rich*, 7 T. R. 323; 38 Cyc. 1093.) The office of a new assignment is to furnish a particular description of the premises, and the plaintiff having given no such description in the declaration or additional count, could not succeed without such new assignment. There was a general replication to the first plea of *liberum tenementum*, and we may, perhaps, assume that the parties understood that there was a like replication to the second plea of that kind, but there was no new assignment confining the defendant to evidence of title of any particular premises. There was evidence of possession by the plaintiff of the west forty feet of the lot, but if there are to be any pleadings or statements of a cause of action in any form or without formality of any kind, a judgment cannot be sustained merely and solely because the plaintiff would have had a good cause if it had been stated. There is good reason in the rule requiring a new assignment where the defendant proves title to land fitting the description in the declaration, in the fact that the judgment, where the plea of *liberum tenementum* is filed and the ownership of the land is tried, is *res judicata* of the location of the boundary line. (*Herschbach* v. *Cohen*, 207 Ill. 517.) The court was in error in the rulings on the motion to direct a verdict and the motion for a new trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*