REED *v.* BLUM.

COVENANTS—DEEDS—BREACH OF WARRANTY—INCUMBRANCES—WAY
OF NECESSITY—IMPLIED RESERVATION.

> Where defendant conveyed by warranty deed to plaintiffs
> a farm without mentioning the fact that a third party
> claimed a way of necessity over a portion of the same,
> there is an implied reservation in the deed with reference
> thereto, and, therefore, in an action for a breach of war-
> ranty based thereon a verdict was properly directed for
> defendant.

Error to Washtenaw; Sample (George W.), J. Sub-
mitted June 16, 1921. (Docket No. 22.) Decided
July 19, 1921. Rehearing denied October 3, 1921.

Assumpsit by William Reed and another against
Philip Blum for an alleged breach of warranty in a
deed. Judgment for defendant on a directed verdict.
Plaintiffs bring error. Affirmed.

*Donnelly, Hally, Lyster & Munro,* for appellants.

*Arthur Brown* and *Cavanaugh & Burke (E. R.
Sunderland,* of counsel), for appellee.

BIRD, J. Plaintiffs purchased from defendant, in
May, 1918, a farm in Bridgewater township, Wash-
tenaw county. After paying the consideration and
completing the sale he learned that one Eiseman
claimed a way by necessity over a portion of the
premises. This fact did not appear on the abstract
and plaintiffs had no knowledge of it until after the
sale was consummated. Plaintiffs investigated Eise-
man's claim and concluded that it was well founded.
They then brought this suit based upon the covenant

against incumbrances in their warranty deed to recover their damages. The case was tried out and at its conclusion the trial court directed a verdict for the defendant on the theory that a way by necessity was not a breach of the covenant against incumbrances. Plaintiffs have removed the case to this court to have this question determined.

Plaintiffs' counsel argue that whether the way was created by express grant or by necessity the result is the same to plaintiffs, and, therefore, they ought to have a right to recover. There appears to be much reason in this contention, but the courts appear to have held otherwise. The courts, in announcing the rule of nonliability in such cases, place it upon the ground that when the grantor conveys with no mention of the way of necessity there is an implied reservation in the deed with reference to ways by necessity. In considering this question in the case of *Adams* v. *Marshall*, 138 Mass. 228, the following rule was laid down:

"The familiar instance of a reservation by implication of law is a way by necessity. The law upon ways by necessity has been frequently considered by this court, and it is established that such ways exist only so long as the necessity exists; that the necessity required is not an absolute necessity; that the reservation of such a way to the grantor is to be implied when necessary, as well as a grant of such a way to the grantee; and that this implied reservation of a way to the grantor over the land granted is not a breach of the covenants of warranty or against incumbrances contained in the deed. If the land owner can at reasonable cost construct a way over his own land, there is no way by necessity. Citing *Schmidt* v. *Quinn*, 136 Mass. 575, and *Brigham* v. *Smith*, 4 Gray (Mass.), 297."

In *Brigham* v. *Smith*, referred to in the foregoing, it is said:

"If A conveys land to B, to which B can have access only by passing over other land of A, a way of necessity passes by the grant. If A conveys land to B leaving other land to A to which he can have access only by passing over the land granted, a way of necessity is reserved in the grant. These points are settled as well in the cases cited for the plaintiff as those cited for the defendant.

"Is the rule affected by the fact that the grantor conveyed by deed of warranty? We think not. If the way were expressly reserved in the deed the covenants must apply to the premises granted; that is, an estate with a right of way reserved or carved out of the fee. In the present case the law does for the parties the same thing, and the covenants apply to an estate with this way of necessity reserved."

In *Buss* v. *Dyer*, 125 Mass. 287, the court said:

"It would seem that nothing could be clearer in its meaning than a deed of a lot of land, described by metes and bounds, with covenants of warranty against incumbrances. The great exceptions to the application of this rule to the construction of deeds, is in the case of ways of necessity, where, by a fiction of law, there is an implied reservation or grant to meet a special emergency, on grounds of public policy, as it has been said, in order that no land should be left inaccessible for purposes of cultivation."

Other authorities to the same effect are: Jones on Easements, § 305; *New York, etc., R. Co.* v. *Railroad Com'rs*, 162 Mass. 81 (38 N. E. 27); *Powers* v. *Heffernan*, 233 Ill. 597 (84 N. E. 661, 16 L. R. A. [N. S.] 523); *Howley* v. *Chaffee*, 88 Vt. 468 (93 Atl. 120; L. R. A. 1915D, 1010); *Denman* v. *Mentz*, 63 N. J. Eq. 613 (52 Atl. 1117).

We are of the opinion that this rule should be followed in the present case. It appears without question that Eiseman had no other way to his premises except over the farm purchased by plaintiffs. When defendant conveyed the premises to plaintiffs there

was, therefore, an implied reservation as to this way. Of course, it would follow that if the premises were conveyed subject to this right of way no breach of the covenant against incumbrances would take place.

The conclusion of the trial court was right and no error was committed in controlling the verdict.

The judgment is affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.