(No. 35949.—)

Roy Frantz *et al.,* Appellees, *vs.* Raymond Collins *et al.,*
Appellants.

*Opinion filed March 29, 1961.*

JAMES M. JONES, and ROBERT K. LOCK, both of Chicago, for appellants.

CHESTER J. STASACK, of Chicago, for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an injunction action instituted in the circuit court of Cook County by Roy Frantz and Florence L. Frantz, his wife, to enjoin their next-door neighbors, Raymond Collins and Eleanor Collins, from interfering with plaintiffs' alleged right to pipe water to their residence from a well located on defendants' property. From a decree awarding the injunction, defendants have prosecuted an appeal directly to this court since a freehold is involved. *Liberty National Bank of Chicago* v. *Lux,* 378 Ill. 329.

The properties now belonging to the respective parties originally constituted a single tract owned by Charles M. Arnold, a building contractor. In June, 1955, Arnold discussed plans for building residences with both the plaintiffs and defendants and, after viewing several possible locations and deciding upon the type of home desired, the latter entered into an agreement with Arnold for the construction of a residence upon the easterly one-half of the Arnold tract. On October 21, 1955, this portion was conveyed to the defendants, and shortly thereafter construction of the Frantz residence was commenced upon the remaining portion of the Arnold tract, which was conveyed to plaintiffs about February 1, 1956. Neither deed made any mention of easements nor of a common water supply.

Nevertheless it appears that in September, 1955, prior to the date of either conveyance, a water well was drilled by Arnold upon the premises about equidistant from its easterly and westerly property lines and was equipped with both a submersive pump located in the well casing and a "T" plug, about two or three inches in length, which was situated some two feet below the surface of the ground and

acted as a connection for water pipes leading from the well. One arm of the "T" plug was attached to the pipes serving the Collins residence, and the other arm was temporarily capped until the completion of the Frantz home in January, 1956, after which it was connected to the plaintiffs' water system. The submersive pump was electrically operated on a 220-volt circuit initially connected only with the Collins property but later designed in such a manner that the electricity was furnished equally from each of the two residences. With the exception of a metal vent pipe extending over the casing, neither the well nor its equipment was visible above the surface of the ground.

It also appears that the Frantz and Collins families had been friends for many years and that not only had the defendants interested plaintiffs in building upon this particular location, but the parties had lived together for some two months prior to the completion of the plaintiffs' home. Thereafter the parties enjoyed a quite friendly relationship, both socially and as neighbors, and continued to share the common water supply until November, 1958, at which time plaintiffs were informed by defendants that the well was located upon and belonged solely to the Collins property. Shortly thereafter defendants disconnected Frantz's water pipe and capped the arm of the "T" plug to which it had formerly been attached. The present litigation followed.

At the trial of this cause, Arnold testified that he divided his tract into two parcels for the purpose of constructing separate residences thereon having a single well which he intended to locate upon the common property line, and that both Frantz and Collins were well aware of this arrangement prior to their purchases, but that a survey conducted some years later revealed the well had in fact been mistakenly drilled entirely upon defendants' premises. He also explained that a "T" plug, such as was used in the instant case, is designed to supply water to two separate

residences whereas an "L" plug is used when only one home is to be connected.

The plaintiff, Roy Frantz, stated that city water is not available in their locality but that both he and the defendants understood at the time of their conveyances that they were to share a common well, thus reducing the cost of their respective properties. The defendants admitted that the well was constructed prior to their purchase, but insisted there was no arrangement for its common use. Rather, according to their account, they at all times knew the well was situated wholly upon their property and had permitted plaintiffs to connect therewith only as a temporary measure. Ann Szeliga, a friend of the Collins family, testified that she heard a conversation between Arnold and the litigants at the Collins home in January, 1956, at which time the defendants granted Frantz permission to temporarily connect with the well. In rebuttal, however, Charles Arnold and Roy Frantz both swore that this discussion dealt solely with the furnishing of electricity.

Of determinative consideration in the present case is the relationship which arose between the parties. If, as the lower court found, the facts were such as to raise an easement by implication in favor of the plaintiffs, then they were entitled to injunctive relief. On the other hand, if the Frantz well connection occurred by reason of a mere license, it was within the defendants' power to destroy that privilege by revocation.

The doctrine of implied easements is based upon the principle that, in the absence of an expressed contrary agreement, a conveyance imparts a grant of property with all the benefits and burdens which existed at time of sale, and it is designed to give effect to the actual intent of the parties as shown by the facts and circumstances of a particular case. (*Feitler* v. *Dobbins*, 263 Ill. 78; 17 A Am. Jur., Easements, sec. 37; Restatement of the Law of Property, § 474, com-

ment b.) It is generally held where the owner of a single tract has arranged or adapted it so that one portion thereof derives a benefit from the other of an apparent and continuous character, and then sells one of such parts without mention being made of these incidental uses, the grantee takes his property with all the rights and obligations which formerly existed. (*Ingals* v. *Plamondon*, 75 Ill. 118; *Powers* v. *Heffernan*, 233 Ill. 597.) It is not required that the alleged easement be essential to the enjoyment of the claimants' property but it is sufficient if it would be highly convenient and beneficial thereto. (*Carter* v. *Michel*, 403 Ill. 610; *Koubenec* v. *Moore*, 399 Ill. 620.) The word "apparent" as used in this connection does not necessarily mean notorious visibility, especially when a pipe, sewer, or drain is involved, but refers rather to a use which is either known or could have been discovered upon reasonable inspection. 28 C.J.S., Easements, sec. 33; 17A Am. Jur., Easements, sec. 95, Restatement of the Law of Property, § 476, comment j; 58 A.L.R., Eastments by Implication, p. 832.

It is admitted that while the properties were in common ownership a well was drilled at the approximate center of the tract, and was equipped with a "T" plug from which two separate residences could be supplied. Arnold testified that he intended to locate the well upon the property line between the two parcels for the use of both, an arrangement well known to Collins prior to sale, but that by mistake it had been situated a few inches within defendants' boundaries. Although Collins denies this account, we believe there was sufficient evidence, when viewed with attending circumstances, to support the finding of the trial court that defendants purchased with full knowledge of the existing well and its intended use, which by its very nature was continuous and permanent in character, and considering the absence of city water and the cost involved in installing a new water supply, such use is highly convenient and beneficial to plaintiffs' property. We therefore hold the relation-

ship arising between the parties was not one of license, but that at the date of the Collins conveyance an easement for the taking and transmitting of water from the well was impliedly reserved by Arnold for the benefit of his remaining parcel. This easement passed by subsequent conveyance to plaintiffs and is now enforceable by them.

Accordingly, the decree of the circuit court of Cook County is affirmed. *Decree affirmed.*