CHARLES F. LUTHY *et al.*, Plaintiffs-Appellees, *v.* CLARENCE KEEHNER *et al.*, Defendants-Appellants.

Third District    No. 79-309

Opinion filed November 10, 1980.

128

[redacted]

STOUDER, J., specially concurring.

[redacted]

John P. Edmonds, of Kehr & Edmonds, P. C., of Chillicothe, for appellants.

Gary E. Barnhart, of Claudon, Lloyd & Barnhart, Ltd., of Canton, for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

The plaintiffs, Charles Luthy and Alice Luthy Tym, brought a declaratory judgment action in the Circuit Court of Peoria County seeking to establish an easement by way of necessity across property owned by defendants Clarence and Leona Mae Keehner, J. Bruce Dickison, and Medina Township. Subsequently, the plaintiffs filed a motion for summary judgment pursuant to section 57 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57) against all of the defendants. The Circuit Court of Peoria County granted the plaintiffs' motion for summary judgment against Clarence and Leona Mae Keehner and Medina Township, and declared that as a matter of law an easement by way of necessity for ingress and egress existed in favor of the plaintiffs across the real estate of the Keehners and Medina Township. It is from this order of the circuit court that the defendants appeal. The court also declared that no easement by way of necessity existed across the land owned by J. Bruce Dickison. However, no appeal is taken from this portion of the circuit court's order.

In April of 1941, Clarence and Leona Mae Keehner conveyed by warranty deed a parcel of real estate located in Peoria County to Ferd Luthy, Jr., the plaintiffs' predecessor in interest. This parcel of real estate was located to the west of a parcel of property retained by the Keehners, and was contiguous to it. Subsequently, in May of 1954, J. Bruce Dickison and his wife, Bertha Dickison, also conveyed by warranty deed a parcel of real estate located in Peoria County to Ferd Luthy, Jr. This parcel was immediately west of and contiguous to property retained by the Dickisons, and immediately south of the property conveyed by the Keehners in

1941. The property owned and retained by the Keehners is located immediately north of the Dickison property.

In April of 1977, the Keehners conveyed by quitclaim deed to Medina Township the west 66 feet of their property. This 66 feet conveyed by the Keehners to Medina Township is immediately east of and contiguous to the property acquired by Ferd Luthy in 1941. A few days earlier, J. Bruce Dickison had similarly conveyed the west 66 feet of his property to Medina Township.

There is no means of ingress to or egress from either of the Luthy properties. No public road or public way borders the Luthy parcels. In addition, the Keehners and Dickisons have continuously denied the plaintiffs and their predecessor in interest a means of ingress and egress. Consequently, the plaintiffs, who acquired title to the two parcels by a series of warranty deeds from Ferd Luthy in the late 1960's, brought this declaratory judgment action seeking an easement by way of necessity across the defendants' lands. In entering a summary judgment for the plaintiffs against the Keehners and Medina Township, the circuit court held that Ferd Luthy, Jr., possessed an easement by way of necessity across the Keehner property at the time of the conveyance in 1941. Because the plaintiffs, by virtue of the easement by way of necessity across the Keehner property, possessed a means of ingress to and egress from their property, no similar easement across the Dickison property was found to exist. As a consequence, summary judgment was entered for Dickison against the plaintiffs. After a hearing and an on-site inspection, the circuit court entered an order determining the location and width of the easement. The easement was to be 20 feet wide, with an additional shoulder easement of five feet on either side for maintenance, ditching and snow removal.

Originally, two issues were raised for our consideration: First, did the circuit court err in granting the plaintiffs' motion for summary judgment; and second, if the circuit court did not so err, was the court's determination of the width of the easement proper. However, this latter issue has been abandoned on appeal on the basis of this court's opinion in *Vallas v. Johnson* (1979), 72 Ill. App. 3d 281, 390 N.E.2d 939. Consequently, the only issue before the court is whether the plaintiffs' motion for summary judgment, entered in their action for declaratory judgment seeking an easement by way of necessity, was proper.

Section 57 of the Civil Practice Act provides that a summary judgment shall be rendered only if all pleadings, depositions, and admissions on file, together with any affidavits filed, "show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." (Ill. Rev. Stat. 1977, ch. 110, par. 57.) The defendants

contend that the plaintiffs' motion for summary judgment was improperly granted because there are several issues of material fact present in this case which preclude the entry of a summary judgment. The first of these issues of material fact is whether an easement of necessity across the Keehner property was created at the time of the conveyance to Ferd Luthy in 1941.

■■ The defendants take the position that for an implied easement, such as an easement by way of necessity, to exist, the parties must intend that such an easement is to be created at the time of the severance of the dominant and servient tenements. We agree. Intention of the parties is an important fact in the creation of an easement by way of necessity. "A way of necessity results from the application of the presumption that whenever a party conveys property he conveys whatever is necessary for the beneficial use of that property * * *. Such a way is of common law origin, and is presumed to have been intended by the parties. * * *. Whether a grant or reservation of a way of necessity should be implied, however, depends on the terms of the conveyance and the facts of the particular case. The implication will not be made where it is shown that the parties did not intend it." (25 Am. Jur. 2d *Easements and Licenses* §34 (1966).) Further, the intent must exist at the time of the conveyance. (*Van Patten v. Loof* (1932), 349 Ill. 483, 182 N.E. 628; see *Frantz v. Collins* (1961), 21 Ill. 2d 446, 173 N.E.2d 437.) To support their position that neither they nor their grantee, Ferd Luthy, Jr., intended that an easement exist across their property at the time of the conveyance, the defendants submitted affidavits in support of their motion to vacate the summary judgment in which they stated that Ferd Luthy orally expressed to them his desire that no easement exist.[1]

■■■ The plaintiffs contend that these statements made by their predecessor in title are hearsay, and should not be considered. It is well settled that in considering a motion for summary judgment, matter that would be inadmissible at trial is not to be taken into account. (*La Monte v. City of Belleville* (1976), 41 Ill. App. 3d 697, 355 N.E.2d 70.) However, Ferd Luthy's statements constitute an admission, and consequently are admissible as an exception to the hearsay rule. "It is well settled * * * that the declarations and admissions of a former owner or possessor of property, against his interest, made during the continuance of his interest or possession, are evidence against those subsequently obtaining possession or title from him * * *." (*First National Bank v. Strang* (1891), 138 Ill. 347,

---

[1] In a discovery deposition Clarence Keehner, referring to Ferd Luthy, Jr., stated: "He says 'We don't—there was—we don't want no right-of-way. We want it to go to the birds and the bees,' the fellow says. 'We want it to be beautiful. I have two—two boys.' And he says 'I want to turn them loose there and let them run.'"

354, 27 N.E. 903, 905. Accord, E. Cleary & M. Graham, Handbook of Illinois Evidence §802.5 (3d ed. 1979).) Consequently, the application of the hearsay rule does not preclude consideration of Ferd Luthy's statement by the circuit court in determining the propriety of summary judgment in favor of the plaintiffs.

■■ The plaintiffs also object to the consideration of Ferd Luthy's statement on the ground that in so doing the plain, unambiguous terms of the 1941 deed would be varied or contradicted, and the parol evidence rule thereby violated. This argument is without merit. Ferd Luthy's statements do not alter or vary in any respect the terms of the deed conveying the Keehner property to him in 1941. They bear only on whether Ferd Luthy intended to obtain an easement of ingress and egress over the grantor Keehners' remaining property. The existence of such an easement certainly affects the Keehners' interest, as any successor in title would take subject to it, but its existence (or nonexistence) does not affect the title taken by Ferd Luthy in 1941.

■■ Also without merit is the plaintiffs' argument that the express warranty of quiet and peaceable possession found in the 1941 deed would be violated if no easement by way of necessity were found to exist as a result of Ferd Luthy's expressed intent. The warranty of quiet possession does not mandate the existence of an easement over the Keehners' property. Such a warranty is very specific and limited in effect. It protects the grantee/covenantee from disturbances with possession, or from eviction by one asserting a paramount right to possession, but nothing more. We therefore decline to interpret this warranty to insure the plaintiffs a means of ingress and egress.

Neither the terms of the 1941 deed itself, nor the operation of the parol evidence or hearsay rules, render inadmissible Ferd Luthy's alleged statements evincing his intent that no easement exist over the Keehner property. Because the intent of the parties is essential in determining whether an easement by way of necessity was created over the Keehner property at the time of the conveyance, and the court is not precluded from considering evidence of his intent, we find that the defendants have raised a genuine question of material fact sufficient to resist the plaintiffs' motion for summary judgment.

Aside from the issue of intent to create an easement at the time of conveyance, two other genuine issues of material fact have been raised by the defendant which we also hold preclude the entry of summary judgment for the plaintiffs. Assuming *arguendo* that an easement by way of necessity was created over the servient tenement at the time of the severance in 1941 (see *Finn v. Williams* (1941), 376 Ill. 95, 33 N.E.2d 226), an issue is raised whether the plaintiffs' predecessor in title intended to

relinquish the easement already in existence. "Necessity for, and right of, access may indeed be relinquished by express words clearly indicating an intention to do so * * *" (*Powers v. Heffernan* (1908), 233 Ill. 597, 604, 84 N.E. 661, 664), if acted upon. The defendants' contention that the easement created was later extinguished by Ferd Luthy, Jr., mirrors their first argument that no easement was created initially because neither they nor Luthy intended for an easement to exist, and they rely upon the same hearsay statements of Luthy which we have previously discussed in the context of the first argument to support their contention here. As we have stated, these statements, although hearsay, are admissible as admissions of a predecessor in title (*Strang*) and do raise a genuine question of material fact, be it concerning the intent of Ferd Luthy, Jr., to create an easement at the time of the conveyance, or concerning his intent to relinquish an existing easement.

■■ The third issue of material fact present in this case is whether the defendants have adversely possessed the existing easement by way of necessity. The plaintiffs raise both substantive and procedural impediments to the consideration of this issue. First, the plaintiffs assert that an easement by way of necessity which is unused cannot be adversely possessed. In support, the plaintiffs cite *Finn v. Williams* (1941), 376 Ill. 95, 33 N.E.2d 226, wherein the supreme court states "[i]f, at one time, there has been unity of title, * * * the right to a way of necessity may lay dormant through several transfers of title * * * and be exercised at any time by the holder of the title thereto." (376 Ill. 95, 99, 33 N.E.2d 226, 228.) However, that case does not involve adverse possession of an easement. A number of cases hold that an easement created by an express grant can be extinguished by adverse possession (*Wright v. Hendricks* (1944), 388 Ill. 431, 58 N.E.2d 453; *Brunotte v. DeWitt* (1935), 360 Ill. 518, 196 N.E. 489), and we see no reason why this should not also hold true for easements created by implication. Plaintiffs also contend that the 20-year statutory period for adverse possession (Ill. Rev. Stat. 1977, ch. 83, par. 1) did not begin to run until August 4, 1978, the date of the court's order granting their motion for summary judgment and declaring that an easement for ingress and egress over the Keehner property existed in their favor. Prior to that time, the plaintiffs claim they possessed only an "inchoate right to a way of necessity" against which the adverse possession limitations statute cannot run. We find no merit in this contention. If an easement by way of necessity existed at all, it was created at the time of the conveyance severing the dominant and servient tenements in 1941. Consequently, the 20-year period commenced at that time.

■■ ■ Apart from these substantive objections against the defendants' adverse possession argument, the plaintiffs make the procedural objection

that adverse possession, an affirmative defense, was not properly raised. The doctrine of adverse possession operates as a statute of limitations (Ill. Rev. Stat. 1977, ch. 83, par. 1), and as a consequence is an affirmative defense (Ill. Rev. Stat. 1977, ch. 110, par. 43(4)). The statute of limitations, if it is to be used as a defense, must be specifically pleaded, and is waived if it is not. (*Sabath v. Morris Handler Co.* (1968), 102 Ill. App. 2d 218, 243 N.E.2d 723.) One who pleads adverse possession as a statute of limitations "must allege the necessary and constituent elements of such possession. So the party relying on adverse possession must allege that his possession was actual, open, notorious, and visible, exclusive, continuous, and uninterrupted, and for the statutory period, and that it was hostile or adverse or under claim of right or title by him." (2 C.J.S. *Adverse Possession* §259 (1972).) The pleadings of the defendants in the instant case are devoid of such allegations. In their answer the defendants admit they have continuously denied the plaintiffs means of ingress and egress, but this obviously does not constitute a specific allegation that the defendants have adversely possessed the plaintiffs' easement. Similar arguments are made by the defendants in their response to the plaintiffs' motion for summary judgment. It is only in the defendants' motion to vacate the summary judgment that adverse possession is raised. The defendants therein allege that even if an easement by way of necessity were created, "such easement was extinguished by the KEEHNER Defendants' adverse possession of such an easement against Grantee, FERD LUTHY, JR., and his successor in title, Plaintiffs CHARLES F. LUTHY and ALICE LUTHY TYM, for a period greater than twenty years as provided by Chapter 83, Section 1 of Illinois Revised Statutes." Although the motion itself does not contain any supportive facts, the affidavits of the Keehners filed in support of the motion to vacate do allege that since the conveyance to Ferd Luthy, the defendants have held their property in an "actual, continuous and exclusive manner under claim that no right-of-way or easement exists to FERD LUTHY, JR. or his successors in title and have not allowed said parties to use any right-of-way over our land to said tract of land * * * without our express permission." Although these allegations may be insufficient to satisfy the requirements of section 43(4) of the Civil Practice Act, they do raise a genuine issue of material fact previously not before the trial court which prevents the entry of a summary judgment for plaintiffs. Further, in order that the issue of adverse possession can be fully litigated, the defendants should be given leave to amend their pleadings for the purpose of raising adverse possession as an affirmative defense.

For the reasons we have stated, we reverse the order of the Circuit Court of Peoria County granting summary judgment to the plaintiffs, and

remand with directions to allow the defendants to amend their pleadings to raise adverse possession as an affirmative defense and for further proceedings in this cause.

Reversed and remanded with directions.

STENGEL, J., concurs.

Mr. JUSTICE STOUDER, specially concurring:

Although I agree with the result reached by the majority and the reasoning used to reach the result, I find it necessary to comment on the rule permitting the admissions of plaintiffs' grantor to be admitted as substantive evidence. Although the majority properly states that the declarations and admissions of a former owner or possessor of property against his interest, made during the continuance of his interest or possession, are evidence against those subsequently obtaining possession or title from him, I believe this is an unwise rule rife with the possibility of abuse in that it does not contain adequate safeguards to guarantee trustworthiness.

The factors considered in evaluating the testimony of a witness are the actuality and accuracy of (1) perception, (2) memory or recollection, and (3) narration or communication. To insure truthfulness regarding these factors and to expose inaccuracies caused by lack of sincerity or other reasons, a witness is required to testify at trial (1) under oath, (2) in person so that the trier of fact may observe his demeanor, and (3) subject to cross-examination. Hearsay evidence is excluded because hearsay statements lack these guarantees of trustworthiness. Of these guarantees, the inability to conduct cross-examination is the essential factor underlying the rule excluding hearsay. *Grand Liquor v. Department of Revenue* (1977), 67 Ill. 2d 195, 367 N.E.2d 1238.

Despite the absence of these guarantees of trustworthiness, the relevant admissions of a party are admissible when offered by the opponent as an exception to the hearsay rule. Lack of opportunity to cross-examine is deprived of significance by the incongruity of the party's objecting to his own statement on the ground that he was not subject to cross-examination by himself at the time. Thus, it is apparent that the acceptance of admissions in evidence is a product of the adversary system rather than an exception to the hearsay rule resting on circumstantial guarantees of trustworthiness. E. Cleary & M. Graham, Handbook of Illinois Evidence §802.1 (3d ed. 1979).

Several older cases have extended this adversarial concept so that the admissions by a predecessor in title made prior to the transfer of title are

admissible against the transferee party. (See, e.g., *Bald v. Nuernberger* (1915), 267 Ill. 616, 108 N.E. 724; *Lang v. Metzger* (1903), 206 Ill. 475, 69 N.E. 493; *Gage v. Eddy* (1899), 179 Ill. 492, 53 N.E. 1008; *City of Elgin v. Beckwith* (1887), 119 Ill. 367, 10 N.E. 558.) It is this extension to which I object.

While there is no doubting the utility of the admissibility of admissions by a party, this utility is overmatched by the lack of any guarantee of trustworthiness when the admissions of someone not a party are admitted as evidence against a party in the action. Where an admission of a party is introduced into evidence, the party against whom the statement is introduced has knowledge of the statement and has a chance to rebut or explain the statement if he can. Where the admission of a grantor that has not been made in the presence of the grantee-party is admitted into evidence, the grantee-party has no means of rebutting or explaining the statement. It is far too easy for such an alleged statement to be fabricated. This is particularly true in view of the fact that the statement is admissible despite the lack of a guarantee of trustworthiness. Indeed, it opens the door for a situation extant in the present case, in which one party can testify that the grantor made an admission chargeable to the adversary party. Thus, the one party can testify to self-serving statements allegedly made by a grantor, and the party charged with this admission is helpless. Ignorant of the circumstances, he is unable to rebut or explain the statement. Nor are there any guarantees of trustworthiness which will protect the party charged with the admission. Therefore, to allow such statements into evidence is to place the party charged with the admission at a significant disadvantage.

If there were some guarantee of trustworthiness, I would have no objection to admitting the evidence. For example, if the alleged admission of the grantor in a deposition, then there would be no reason not to allow the statement into evidence. (*E.g.*, *Bald v. Nuernberger* (1916), 274 Ill. 123, 113 N.E. 117.) Or, if the admission was testified to by a disinterested witness, then the statement should be admissible. (*E.g.*, *Lang v. Metzger* (1903), 206 Ill. 475, 69 N.E. 493; *City of Elgin v. Beckwith* (1887), 119 Ill. 367, 10 N.E. 558.) The foregoing cases merely enunciate the rule without in any way discussing the nature of the declarant's testimony or the reasons for permitting such testimony other than by applying the doctrine of privity. But to permit an interested party to introduce into evidence an admission by a grantor against the adversary party which the latter is ignorant of, and for which there is no guarantee of trustworthiness, is to condone a situation rife with potential for abuse. Therefore, I would prefer to see the rule changed to prevent such situations.