Leland C. Cain, Jr., as Administrator of the Estate of Emma Dooley, Also Known as Emma Milhouse, Plaintiff-Appellant, v. New York Central Railroad Company, Inc., an Illinois Corporation, Defendant-Appellee.

Gen. No. 48,445.

First District, Second Division.

May 9, 1962.

Joseph Barbera, of Chicago, for appellant.

Richard O. Olson and Alvin E. Domash, of Chicago, for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

On December 15, 1953 plaintiff brought an action as administrator of the estate of Emma Dooley, also known as Emma Milhouse, for wrongful death arising out of an occurrence on January 18, 1953 in which plaintiff's intestate sustained personal injuries alleged to have resulted in her death on October 9, 1953.

On February 26, 1959 plaintiff obtained leave and filed an amended complaint setting forth the wrongful death action as Count I, and adding Count II as an alternative cause of action. The latter alleged damages for pain and suffering, medical care and wage loss as a result of the same occurrence and charged the identical negligence by adopting most of the paragraphs of Count I, but did not claim that these injuries were the direct and proximate cause of decedent's death.

Defendant moved to dismiss Count II on the grounds that it was barred by the Statute of Limitations and

that it merged, terminated, or was barred by the subsequent death, and in particular by filing the wrongful death action. The motion to dismiss Count II was granted and it was stricken. Subsequently, when the case was assigned for trial, plaintiff moved to reconsider defendant's motion to dismiss Count II, but this motion was denied.

The case went to the jury on the remaining count for wrongful death, and a verdict was returned finding defendant "not guilty." Plaintiff moved for a new trial specifying error, among other things, on the dismissal of Count II of the amended complaint. The post trial motion was denied and this appeal followed.

■ Plaintiff contends on appeal that it was error to dismiss Count II because Section 46 of the Civil Practice Act provides that pleadings may be amended to set up a new cause of action where the original cause was filed in apt time and that the amendment shall relate back to the date of the original pleadings. This is of course subject to the proviso that it shall appear from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading. Ill Rev Stats 1961, ch 110, § 46(1), (2).

Plaintiff's decedent was an employee of the Pullman Company and was engaged in cleaning the lounge car "Bonnie Brook" while it was in the yards and on the track of defendant railroad. She was injured when the train broke in two and a rough coupling made in consolidating the train, as a result of which she sustained a "severely fractured right wrist with marked displacement." She returned to work on May 25, 1953, worked until August 29 when she collapsed with a heart seizure, and died October 9, 1953. Plaintiff had contended that the death was due to the aggravation of a prior condition by reason of the allegedly negligent injuries, but there was other medical

evidence that the heart attack was due to the enlarged condition of decedent's heart which was of long standing. The question of the causal relationship between the occurrence of January 18, 1953, and decedent's death on October 9, 1953 was a disputed medical question, which was resolved by the jury in favor of defendant.

■■ There is no error shown as to the trial of Count I, and the question presented here is whether Count II was improperly dismissed in an attempted amendment some six years after the occurrence giving rise to the cause of action. It is not to be disputed that the Civil Practice Act permits alternative pleadings, such as these two counts presented, in spite of factual inconsistencies as to decedent's death. Ill Rev Stats 1961, ch 110, § 43(2). The common law action for pain, suffering, loss of earnings and medical expenses resulting from negligent injury survives the death from other causes of the injured person, and it is erroneous to dismiss the second count in an action where one count alleged negligent injury resulting in death and the second count alleged injuries which did not result in death. Wattman v. St. Luke's Hospital Ass'n, 314 Ill App 244, 41 NE2d 314. Our question then is whether the amended complaint is within the intendment of Section 46 of the Civil Practice Act so that it relates back to the time of the bringing of the suit and would not be barred by the Statute of Limitations.

■ The precise point raised by these facts has not been decided in Illinois, but we think the amendment was proper and relates back by virtue of the language of Section 46 itself and the persuasive, similar cases. Emphasis is placed on sub-section 1 of Section 46, which provides:

"At any time before final judgment amendments may be allowed on just and reasonable terms . . . *changing the cause of action* or defense or *add-*

*ing new causes of action* or defenses, and in any matter, either of form or substance . . . which may enable the plaintiff to sustain the claim for which it was intended to be brought."

Subsection 2 then provides that the cause of action set up in any amended pleading shall not be barred by lapse of time under any statute, if the time had not expired when the original pleading was filed and if the cause of action grew out of the same transaction or occurrence set up in the original pleading.

■ Defendant argues that Section 46 does not permit an amendment to allege a new cause of action which was not originally intended. Since a cause of action for wrongful death is separate and distinct from an action for personal injuries, and since plaintiff did not intend originally to bring an action for personal injuries, Section 46 would be inapplicable. This argument unduly stresses the niceties of "cause of action," ignores the fact that the statute specifically allows *changing the cause of action or adding new causes of action,* and reads the cases under this section too restrictively.

■ This section is to be construed liberally to the end that the controversy may be decided upon its facts and its merits and in furtherance of justice. In re Estate of Schafer, 344 Ill App 608, 101 NE2d 853; Williams v. Fredenhagen, 350 Ill App 26, 111 NE2d 578. The basic policy concerning the Statute of Limitations in a case under Section 46 is contained in Geneva Const. Co. v. Martin Transfer & Storage Co., 4 Ill2d 273, 122 NE2d 540, which points out that when the defendant has had notice from the beginning that the plaintiff is trying to enforce a claim against him because of specific conduct, the reason for the Statute of Limitations does not exist and the liberal rule should be applied. That reasoning applies here because both counts are based on the same occurrence and

338

the negligence charged in both counts is identical. The only difference is whether the injuries caused the death and that question was properly submitted to the jury.

Defendant quotes the test from Thomas v. Douglas, 346 Ill App 277, 105 NE2d 129: "whether the cause of action set up in the amendment was 'intended to be brought' in the original complaint, provided only that it grew out of the same transaction or occurrence." This test was acquired from Huntoon v. Pritchard, 371 Ill 36, 20 NE2d 53. This language is too narrow if taken literally to mean that an amended complaint cannot change the cause of action or set up a new one. Such a view would contravene the specific language of the Practice Act, emphasized above, and ignore the result and reasoning of the cases. This is evident from the way the court read the original complaint in Thomas v. Douglas, which reaches the same result we reach here.

Supporting authority will also be found in: Echales v. Krasny, 12 Ill App2d 530, 139 NE2d 767; Petsel v. Chicago, B. & Q. Ry. Co., 202 F2d 817 (8th Cir); Pick v. Pick, 16 Ill App2d 150, 147 NE2d 424 (Abst.), Lau v. West Towns Bus Co., 16 Ill2d 442, at 448–450, 158 NE 2d 63.

Our holding that the amendment was proper under Section 46 and that Count II relates back to the time of the original filing so as not to be barred by lapse of time is consistent with Metropolitan Trust Co. v. Bowman Dairy Co., 369 Ill 222, 15 NE2d 838, which both parties here have cited. Defendant's reliance on Walsh v. Central Cold Storage Co., 324 Ill App 402, 58 NE2d 325, is misplaced because the attempted amendment in that case sought to add, after the running of the statute of limitations, an additional party who was attempting to assert an independent, though related, claim to that set forth in the original complaint.

■ Defendant's secondary argument that the action for personal injuries was barred because of the election of remedies made by plaintiff is without merit. This is so because the alternative pleadings were proper under Section 43(2) of the Practice Act and the amendment related back under Section 46. Furthermore, the argument confuses election of remedies with a mistake of remedies, Chicago Title & Trust Co. v. DeLasaux, 336 Ill 522, at 527, 168 NE 640, which case defendant cites, and assumes incorrectly that plaintiff attempted to pursue exclusively the action for wrongful death.

The court erroneously dismissed Count II of the amended complaint and the judgment is reversed and the cause remanded for trial as to Count II only.

Judgment reversed and cause remanded with directions.

FRIEND, P. J. and BURKE, J., concur.