Virginia Delrio Walsh, Plaintiff-Appellant, v. Monumental Life Insurance Company, and Walter Herald, Defendants-Appellees.

Gen. No. 49,130.

First District, Third Division.

February 27, 1964.

James C. Kellogg and Anton F. Klobuchar, of Chicago, for appellant.

Sonnenschein, Levinson, Carlin, Nath & Rosenthal, all of Chicago (Ben Liss, of counsel), for appellees.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a summary judgment entered in favor of defendants. Plaintiff brought suit as the beneficiary of an insurance policy issued by defendant Monumental Life Insurance Company (hereinafter referred to as the company) on the life of her husband John J. Walsh, Jr. For reasons which will later appear, she joined as defendant one Walter Herald, alleged by her to be the agent of the company.

Section 57(3) of the Civil Practice Act (Ill Rev Stats, c 110, § 57(3) (1963)) provides that a summary judgment or decree sought shall be rendered forthwith if the *pleadings,* depositions and admissions on file together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law. We will therefore first examine the pleadings to determine the issues involved.

The facts set forth in the complaint follow. On or about February 1, 1961 the company by its agent Walter Herald sold John J. Walsh, Jr. a policy in the face amount of $5000 in which Virginia Delrio Walsh, plaintiff, was named as beneficiary. The monthly premium was $9.89, payable on the first day of each month. On or about May 4, 1961 the insured, by his mother and agent, Agnes Walsh, forwarded to Walter Herald a money order for $10 in payment of the April monthly premium due on the policy, together with a note reading: "Lefty [defendant Walter Herald], here is the payment for my insurance. . ." or words to that effect. The money order was received by Herald and deposited by the company on or about May 11, 1961. Sometime thereafter Herald wrote to John J. Walsh, Jr., acknowledging the payment and advising him that he had a credit of eleven cents, that being the difference between the $10 received and the premium, $9.89. On or about May 28, 1961, while the policy was in effect, John Walsh was killed by gunshot wounds and

as a consequence, the company became liable for $15,000, $5000 for the face amount of the policy and $10,000 under an accidental death provision.

In a separate count against Walter Herald the plaintiff set forth an alternative action. She charged that subsequent to her husband's death, Herald on or about June 1, 1961 denied that he had applied the payment as directed, but instead took it upon himself to divert the $10 by paying premiums on certain other insurance policies covering the wife and/or Rhonda Walsh, daughter of the insured. Having thus wrongfully applied the $10 in contravention of the express request of the insured, the plaintiff charges Herald with violation of his duty to apply the $10 to payment of the premium on the deceased's policy and that as a consequence of this failure, the policy lapsed and that Herald is liable to plaintiff in the sum of $15,000, being the total death benefits of the policy.

Herald in his answer admits he received the $10 money order and applied it either to the insurance policy of the wife or the daughter, but denies his liability in doing so. In all other respects his answer is similar to that of the company, except that in his answer he admits he was the agent of the company, but the company in its affidavit denies that he was its agent. No reasonable explanation for this divergence appears in any of the pleadings or affidavits.

The company admits it received a money order for $10 on or about May 4, 1961, but says it is without knowledge or information sufficient to form a belief as to whether the money order was sent to it by John J. Walsh, Jr. or by Agnes Walsh. The answer also denies that any acknowledgment of payment was sent to the insured by Herald, and denies that the policy was in effect at the time of Walsh's death and that his death was accidental. The company denies all liability.

Thus two primary issues are created by the pleadings—(1) Herald's agency, and (2) whether the payment and acceptance of the premium was on the policy of the deceased and constituted a waiver of the right to forfeit the policy. Drawing inferences favorable to the plaintiff as the law requires (Tezak v. Cooper, 24 Ill App2d 356, 164 NE2d 493), the complaint states a case based on a waiver of the forfeiture clause of the policy with respect to the April 1st premium by virtue of the acceptance of the money order in payment thereof. As against Herald individually, the complaint states a case based on wrongful appropriation of the premium payment, resulting in forfeiture of the policy. Plaintiff's affidavit is subscribed to the complaint.

In support of the motion for summary judgment, the company submitted the affidavit of one James Tucci, manager of its Chicago office. It sets forth the provisions of the policy concerning the grace period and the procedure for reinstatement after default. Tucci alleges failure to pay the premium until after the 31-day grace period, the forfeiture and nonreinstatement of the policy, the failure to cure or otherwise excuse the default, the current application of all the policy provisions, and the termination of all the rights of the plaintiff and the insured prior to the death of the insured and commencement of these proceedings. All these allegations are either conclusions or stated facts not in dispute. Rule 15 of the Supreme Court Rules provides among other things that affidavits in support of and in opposition to a motion for summary judgment shall set forth facts with particularity and shall not consist of conclusions. Ill Rev Stats, c 110, § 101.15 (1963). Nowhere in Tucci's affidavit is there any explanation of the discrepancy in defendants' respective answers as to Herald's agency, nor with respect to his acknowledged receipt of the $10 money

order and his note to the insured stating there was an eleven cents credit thereon.

It is true, as contended by defendants, that where facts in support of a motion for summary judgment are set forth in an affidavit presented by the movant, the opposing party cannot rely solely on his complaint to rebut it, even though the complaint and answer taken alone do present a genuine issue of material fact. St. Louis Fire and Marine Ins. Co. v. Garnier, 24 Ill App2d 408, 164 NE2d 625; Killian v. Welfare Engineering Co., 328 Ill App 375, 66 NE2d 305; Roberts v. Sauerman Bros., Inc., 300 Ill App 213, 20 NE2d 849. However, Tucci's affidavit does not present any facts, and on the basis of the complaint and answers, genuine issues of material fact exist with respect to Herald's agency, with respect to the payment and acceptance of the premium on the policy of John J. Walsh, Jr. and whether this constitutes a waiver of the right to forfeit the policy.

The judgment is reversed and the cause is remanded with directions to set aside the judgment, and for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

DEMPSEY and SULLIVAN, JJ., concur.