Dinn Oil Company, a Corporation, Plaintiff-Appellant, v. The Hanover Insurance Company, a Corporation, and New York Underwriters Insurance Company, an Insurance Corporation, Defendants-Appellees.

Gen. No. 67–19.

Fifth District.

October 19, 1967.

Rehearing denied November 16, 1967.

Don R. Lucas, of West Frankfort, and Robert S. Hill, of Benton, for appellant.

Fowler & Novick, of Marion, for appellee Hanover Insurance Company, and Franklin & Garrison, of Marion (Norbert Garrison, of counsel), for appellee New York Underwriters Insurance Company.

GOLDENHERSH, J.

Plaintiff, Dinn Oil Company, a corporation, appeals from the judgment of the Circuit Court of Franklin County dismissing plaintiff's suit against the defendants, The Hanover Insurance Company, hereafter referred to as "Hanover" and New York Underwriters Insurance Company, hereafter referred to as "Underwriters," and for costs.

Plaintiff's second amended complaint is in three counts. In the count directed against Hanover, plaintiff alleges that defendant is an insurance corporation doing business in Illinois, that a broker (also a defendant but not a party to the appeal) agreed to obtain certain insurance for plaintiff, including collision and comprehensive coverage, on a described tractor and trailer, that defendant, through its agent (also named as a defendant but not a party to this appeal) entered into an oral agreement to provide, for a period of 30 days, coverage similar to that provided in a policy then in force with another insurance company, a copy of which policy is attached to the complaint, that the agreement was "ratified" on two occasions by the same agent, the insured vehicles were involved in a collision and were destroyed, that upon being advised of the collision and destruction of the vehicles, defendant, Hanover, orally denied liability, and continues to refuse to pay plaintiff's claim.

In its count directed against Underwriters, plaintiff alleges issuance of a policy providing collision coverage for vehicles owned by plaintiff, including newly acquired

vehicles, provided plaintiff notified defendant within 30 days of receiving delivery of such newly acquired vehicles, the acquisition of the new vehicles and the giving of notice to defendant, the destruction of the vehicles in a collision, and defendant, Underwriters, continued refusal to pay the claim.

Defendant, Hanover, moved to dismiss as to it, and in its motion states that subsequent to the collision plaintiff made a claim against the party whose truck collided with plaintiff's vehicles, settled the claim and executed a release reciting payment to it of $4,000, that "if there was a policy of insurance between plaintiff and this defendant" it contained the following provision:

"In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.",

that plaintiff, by executing the release violated the above provision and is precluded from recovering from this defendant.

The motion is supported by affidavit of defendant's counsel, and a copy of the release is attached.

Defendant, Underwriters, moved to dismiss the count directed against it, setting up the same release, and substantially the same defense.

Plaintiff moved for leave to file a proposed amendment as to each count. With respect to Hanover, it alleged that having denied that any policy of insurance was in force, defendant waived any defense based upon alleged breach of the terms of the policy.

With respect to Underwriters, it alleged that having denied liability on the ground that the damaged vehicles were not covered by its policy, defendant is estopped from

asserting any defense based upon an alleged violation of the policy. The record does not show any ruling on the motion for leave to amend.

The release upon which defendants rely recites that plaintiff, in consideration of the payment to it of $4,000, releases the persons therein named from any and all claims arising out of the occurrence described. It contains the following statement:

> "I declare, represent and agree that the Dinn Oil Company, Incorporated has presented a claim for their property damage to the Hanover Insurance Company under the collision coverage of an insurance policy with that company and that that company has denied that there was such coverage in effect at the time of the described accident."

The trial court allowed defendants' motions, entered judgment dismissing the cause as to them and for costs, made the findings required by section 50(2) of the Civil Practice Act (c 110, 50(2), Ill Rev Stats 1965) and this appeal followed.

Plaintiff contends (a) that an insurer who denies liability under a policy of insurance, may not thereafter, in an action based upon that policy, rely upon the defense that the insured's release of a claim against a third party is a violation of the terms of the policy, (b) that in the absence of proof that the third party was in fact liable, and that the instrument served to bar the insurer's right to recover, the court erred in dismissing the cause, (c) that the release given the third party who was informed of the insurer's subrogation rights did not bar the insured's subrogation rights.

Defendant, Underwriters, states its contentions simply:

> "Coverage has been and is admitted and payment denied because of a breach of the subrogation provision of the policy."

209

Defendant Hanover's contentions, although more numerous, insofar as pertinent to this opinion, are stated as follows:

> "From the whole record before the court in this case it appears that whether there ever was a policy of insurance between plaintiff and Hanover is a controverted issue.
>
> "Accordingly, if, as contended by plaintiff, there was a parol contract of insurance between it and Hanover, that contract incorporated the subrogation clause hereinabove set forth, and, under the undisputed facts now before the court, plaintiff has breached that clause."

Defendants state that their motions are filed in accordance with section 48 of the Civil Practice Act (c 110, § 48, Ill Rev Stats 1965). Section 48 authorizes the filing of motions seeking dismissal, or other relief, on certain specified grounds, and in paragraph (i), on the ground "That the claim or demand asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim or demand."

Section 48(3) provides:

> "If, upon the hearing of the motion, the opposite party presents affidavits or other proof denying the facts alleged or establishing facts obviating the grounds of defect, the court may hear and determine the same and may grant or deny the motion. If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties, or may deny the motion without prejudice to the right to raise the subject matter of the motion by answer and shall so deny it if the action is one at law and a jury demand has been filed by the opposite party in apt time."

210

■ Except for facts controverted in the manner provided in section 48(3) a motion to dismiss admits all facts well pleaded. Contrary to defendant Hanover's contention, "whether there ever was a policy of insurance" is not a controverted issue; it is alleged in the amended complaint, and for the purposes of the motion, admitted. Also, for the purposes of the motion, defendant, Hanover, has admitted that upon plaintiff's making a claim under the policy, it denied liability.

Although the count directed against Underwriters contains no specific allegation of its denial of liability, the amendment which plaintiff sought to make alleges such denial.

Plaintiff does not controvert the defendants' allegations that it executed the release, and the issue presented is, therefore, whether, subsequent to a denial of liability on the part of the defendants, plaintiff's execution of the release serves to bar plaintiff's claims under the policies.

■ The Civil Practice Act provides that pleadings shall be liberally construed with a view to doing substantial justice between the parties. C 110, 33(3), Ill Rev Stats 1965. Section 4 of the Civil Practice Act provides that the Act shall be liberally construed to the end that controversies may be speedily and finally determined according to the rights of the parties. (C 110, § 4, Ill Rev Stats 1965). Section 46 of the Civil Practice Act, which provides for amendment of pleadings, is to be liberally construed "to the end that the controversy may be decided upon its facts and its merits and in furtherance of justice." Cain v. New York Cent. R. Co., 35 Ill App2d 333, at page 338, 182 NE2d 910.

■ Applying these rules of liberal construction, a cause of action should not be dismissed on the pleadings unless it appears that no set of facts can be proved which will entitle the pleader to relief, and then only if it is apparent that even after amendment, if leave to amend

211

is sought, no cause of action can be stated. Olin Mathieson Chemical Corp. v. J. J. Wuellner & Sons, Inc., 72 Ill App2d 488, 218 NE2d 823; Davis v. Hoeffken Bros., Inc., 60 Ill App2d 139, 208 NE2d 370.

The parties have not cited, nor has this court found, any decisions of the appellate courts of Illinois which decide the precise issue here presented. However, in what we deem to be an analogous situation, it has been held that an insurer who breaches the portions of an insurance contract inuring to the benefit of the insured cannot insist that the insured be bound by the provisions which inure to the benefit of the insurer. Sims v. Illinois Nat. Cas. Co. of Springfield, Illinois, 43 Ill App2d 184, 193 NE2d 123.

Applying this holding to the facts as here admitted, we hold that defendants, having denied liability, may not now invoke the execution of the release as a defense to plaintiff's suit on the policies, and plaintiff's recovery of a portion of the amount claimed from a third party, and the execution of a release releasing that third party, would not relieve defendants of liability under their respective policies.

Bernardini v. Home & Automobile Ins. Co., 64 Ill App2d 465, 212 NE2d 499, and Damhesel v. Hardware Dealers Mut. Fire Ins. Co., 60 Ill App2d 279, 209 NE2d 876, relied upon by defendants, are not controlling here because neither case involves a denial of liability by the insurer. Trichelle v. Sherman & Ellis, Inc., 259 Ill App 346, cited by defendant, Hanover, is an excellent example of the evils sought to be obviated by enactment of the Civil Practice Act.

For the reasons set forth, we hold that the trial court erred in dismissing plaintiff's cause of action.

We do not consider plaintiff's remaining contentions for the reason that although the facts alleged by plaintiff in its amended complaint, and by defendants in

212

their motions and affidavits, are admitted for the purposes of the motions, they present no other issue for determination until evidence is offered. Under the pleadings, the admitted execution of the release did not bar plaintiff's action, and as the Supreme Court said in Mahin v. Baltis, 34 Ill2d 413, at page 421, 216 NE2d 132, "Factual and legal issues that may thereafter arise are not now presented for decision."

The judgment of the Circuit Court of Franklin County is reversed and the cause remanded with directions to vacate the judgment of dismissal, and for further proceedings consistent with this opinion.

Judgment reversed and cause remanded with directions.

EBERSPACHER and MORAN, JJ., concur.