Glen View Club, an Illinois Not-for-Profit Corporation, Plaintiff-Appellee, v. Ferdinand J. Becker and Harris Trust & Savings Bank, as Trustee Under Trust No. 32138, Defendants-Appellants.

Gen. No. 53,384.

First District.

July 11, 1969.

Rehearing denied and opinion modified October 6, 1969.

 

Bernard Kleinman and Frank J. Belline, of Chicago, for appellants.

Spray, Price, Hough & Cushman, of Chicago (Robert S. Cushman and Minard E. Hulse, Jr., of counsel), for appellee.

ALLOY, J.

Plaintiff Glen View Club filed an action for a mandatory injunction to compel defendant Ferdinand J. Becker to remove a retaining wall and patio from an area which encroached upon the plaintiff's alleged easement for a private road. The trial court granted the motion for summary judgment and entered a decree in accordance with the prayer of the complaint. Property owner has appealed to this Court.

The record discloses that Glen View Club is a golf and country club which acquired title to certain club grounds on April 19, 1897. In 1902, Andrew Blaes was the owner and in possession of land just north of the golf club. By a deed dated August 9, 1902, and recorded April 26, 1915, Blaes conveyed what the club now contends was an easement for a road from the north line of the club property to the intersection of Coronet Road and Woodland Drive, both streets being located in the Village of Glen View. The instrument referred to recited in part as follows:

> "This Agreement Made this Ninth day of August, A. D. 1902, between Andrew Blaes of Niles Township, Cook County, Illinois, party of the first part,

and the Glen View Club, a private corporation organized and existing under the laws of the State of Illinois, party of the second part, Witnesseth:

"First. That for and in consideration of the sum of One Dollar ($1.) in hand paid by second party to first party, the receipt of which is hereby acknowledged, and in the further consideration of the mutual agreements and covenants hereinafter mentioned, the party of the first part gives, grants and leases in perpetuity for the purposes of a private road, street or thoroughfare to the party of the second part, the following described tract of land:

"The East Thirty-three (33) Feet of the West Eleven (11) Acres of the South-west Quarter of the South-east Quarter of Section Thirty-six (36) Township Forty-two (42) North of Range Twelve (12) East of the Third Principal Meridian.

"Also, a strip of land Sixty-six (66) Feet in width beginning at the South-west Corner of the tract of land last above described running thence South and about One Thousand (1000) Feet more or less to a fence dividing the land now owned by said first party, in the North-west Fractional Quarter of Section Eight (8) Township Forty-one (41) North of Range Twelve (12) East of the Third Principal Meridian, from the land now owned by said second party; thence East about Five Hundred (500) Feet; thence North Sixty-six (66) Feet; thence West about Four Hundred and Sixty-six (466) Feet; thence North a distance of about Nine Hundred and Thirty-three (933) Feet to a point sixty-six (66) Feet from the place of beginning of said last or second described tract, a plat of which land is hereto attached and made a part hereof for further certainty.

"Second. It is mutually covenanted and agreed by and between the parties hereto that the party of the first part shall have the privilege so long as said strip of land shall be used or occupied by said second party as a private road, street or thoroughfare, for free and uninterrupted access to the Club grounds of first party, said grounds of said second party being otherwise known and described as The Southwest Fractional Quarter of Section Eight (8) Township Forty-one (41) North of Range Twelve (12) East of the Third Principal Meridian in said Cook County, Illinois, for himself and his tenants occupying cottages adjacent to the grounds, house and property of the party of the second part, provided that such cottages shall be, in order to enjoy said privilege, members in good standing in said Club of said second party."

It is noted that the instrument refers to land in Range Twelve (12) when the only land the club owned and the only abutting land that Blaes owned at the time was in Range Thirteen (13), according to the pleadings.

By deed dated March 18, 1920, Andrew Blaes, the grantor of the road to the club in 1902, deeded the property over which the alleged easement ran to Genevra L. Couch and such deed contained the following language:

"The East Thirty-three (33) feet of said premises is a part of a private road over which the grantor, his heirs and assigns and the Glen View Club have and are to continue to have a right of way."

The description in this deed to Couch referred to the correct Range 13.

In 1942, the Cook County Forest Preserve District condemned the east thirty-three feet of the roadway and in May, 1942, a condemnation judgment was entered and the plaintiff club was awarded damages.

131

In 1945 there was a proceeding to register the land north of the club under the Torrens system and the decree which registered the land provided:

> "The East 33 feet of said premises as shown in Warranty Deed Doc. No. 6764487, dated March 18, 1920, and recorded March 18, 1920, from Andrew Blaes (also known as Andreas Blaes) to Geneva L. Couch, is part of a private road over which the grantor, his heirs and assigns and the Glen View Club have and are to continue to have a right of way."

One of the owners in the chain of title to the property north of the club over which the alleged easement described ran, filed a subdivision plat in 1964, which showed the east 33 feet of such property marked as a private road.

In the early part of 1966, Harris Trust & Savings Bank, as Trustee, for a trust under which Ferdinand J. Becker was beneficiary, acquired title to the property north of the club. The Torrens Certificate No. 984789, as to such property, contained an endorsement showing the east 33 feet of the premises as being part of a private road which could be used by the grantor, his heirs and assigns, and the Glen View Club.

Defendant Becker constructed a home on the property north of the club, and began to grade and seed as part of his yard, a portion of the property over which the club claimed a roadway. The club wrote Becker two letters requesting that he leave the road open. Becker then installed a retaining wall and patio on a portion of the 33-foot roadway. The club thereafter instituted the present action requesting a mandatory injunction requiring that Becker remove the wall and patio from the roadway and restore the surface, and also that he be permanently enjoined from interfering with such roadway.

In the course of the action, the plaintiff club moved for summary judgment and filed with the court certain affidavits setting forth all of the various instruments referred to herein and the activity of defendant in building the wall and patio on the portion of the tract described as being subject to the easement. The complaint of the club also alleged that the road was used for emergency purposes in case of flooding of a road normally used for access to the club. In defendant's answer, the ownership of the property was admitted as well as construction of the wall and patio, but defendant denied any knowledge of an easement or instruments creating such easement.

The trial court in granting a summary judgment in favor of plaintiff club stated:

> "The only question before the Court on motion for summary judgment is whether or not there is a genuine issue of a material fact. The interpretations of the agreement do not involve in this case any material fact or questions of law and the Court feels that it is compelled to determine the law and my interpretation of the law is that this is an easement, private road. It is there, and the defendant, by even the Exhibits that are attached to the defendant's counteraffidavit clearly show in the plat, the latest plat which is in the Torrens plat, clearly show that it is a private road and I have no alternative but to allow a motion for judgment.
>
> "I made a determination that this is a private road and the agreement which Blaes gave says it is an easement. It might be more than an easement but at least it is an easement to the plaintiff here and if they are insisting on the rights, which they are apparently doing, I have no alternative but to follow what I think is the law and that is what I am doing."

On appeal in this Court, defendant asserts that granting of summary judgment was erroneous since there were actually triable fact issues and that all inferences should have been resolved in favor of respondent. The issue before the court is whether the granting of the motion for summary judgment was proper. The pleadings and affidavits in the case should show, when construed most favorably against the moving party, that there is no genuine issue as to any material fact and that the moving party is entitled to the decree or order as a matter of law. This resolves itself to a determination as to whether the various instruments referred to did in fact clearly establish an easement or similar right in favor of plaintiff club. As stated in the Civil Practice Act (1967 Ill Rev Stats, c 110, § 57):

> "The judgment or decree sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law."

It is not the office of a trial court to weigh conflicting issues of fact on a motion for summary judgment but rather to determine if there is an issue of fact to be decided by the jury or appropriate trier of facts (Brockie v. State Farm Mut. Automobile Ins. Co., 39 Ill App2d 159, 162-3, 187 NE2d 538). In the Brockie case, cited by appellants, a question arose as to whether a criminal action had been instituted by State Farm and one Stolper against Lucille Brockie. There was a sworn charge that such action had been instituted but this was expressly denied under oath. This question was material to the case and the court properly held that there was a triable issue of fact and that summary judgment could not be granted. In Patterson v. Stern, 88 Ill App2d 399, 232 NE2d 7, also cited by appellants, the court reviews the rules in stating (at pages 403-4):

134

"On motion for summary judgment all inferences are to be resolved in favor of the respondent and summary judgment is not proper unless, viewing all evidence most favorable to respondent, there is no genuine issue of material fact. Di Battista v. Centennial Ins. Co., 52 Ill App2d 84, 201 NE2d 466. And the right to judgment must be clear beyond question, Solone v. Reck, 32 Ill App2d 308, 177 NE2d 879; and the whole record must be considered. Sampson Co. v. Mandel Bros., Inc., 3 Ill App2d 92, 120 NE2d 571. A motion for summary judgment should be denied if upon examination of the record it can be fairly said that a triable issue of fact exists. Des Plaines Motor Sales Inc. v. Whetzal, 58 Ill App2d 143, 206 NE2d 806."

In the Patterson case referred to, the plaintiff fell through a guardrail of a building and the question was whether defendants were responsible for such guardrail. Affidavits and pictures were submitted but the court concluded that the photographs should be properly interpreted and also that there were other matters regarding the question of repairs which were not clearly shown so that summary judgment would have been improper. In other cases cited by defendant in this Court, it is clear that there was an issue of fact which should have been determined by a jury (Zemel v. Chateau Royale Corp., 35 Ill App2d 313, 182 NE2d 383; J. J. Brown Co., Inc. v. J. L. Simmons Co., 2 Ill App2d 132, 118 NE2d 781).

In Brooks v. Dean Berenz Asphalt Co., Inc., 83 Ill App2d 258, 227 NE2d 100 (likewise cited by appellants), summary judgment was granted. Defendant had been injured when he drove into an excavation which was unmarked. Defendant was a paving contractor and the question was whether defendant owed a duty to place warnings in the area of the excavation. Defendant was not even working in the area of the excavation and the excavation was being done by the State of Illinois, Divi-

sion of Highways. From the motion for summary judgment and affidavits it was clear that none of defendant's workmen were working within one and a half miles of the excavation and, therefore, the court allowed the motion for summary judgment. The Appellate Court affirmed such conclusion and stated (at pages 261–2):

"Summary judgment is a drastic method of disposing of litigation and the right of a party to invoke the remedy must be free from doubt. Inferences favorable to the party opposing the motion, even if arising out of undisputed facts, will prevent judgment. We are unable to find any facts or inferences in this record which would allow the plaintiff to submit the decisive issue of the defendant's negligence to a jury. Giampa v. Sunbeam Corp., 68 Ill App2d 425, 216 NE2d 233, 236 (1st Dist 1966); Campione v. Henry C. Lytton & Co., 57 Ill App2d 147, 206 NE2d 780, 783–784 (1st Dist 1965). Neither the basic facts nor the inferences which arise from those facts are in dispute. The defendant had not assumed any obligation, by its contract or by any other action. The law does not impose a duty upon a contractor in charge of paving a street to erect warnings or barricades at an excavation created by someone else outside his own zone of work, unless a special relationship created by contract existed or a specific act of the contractor occurred concerning the excavation. The existence of a duty under particular facts is a question of law."

In the case before us, the property owner merely denied certain portions of the complaint and demanded strict proof thereof. The club filed various affidavits and attached thereto copies of the various instruments such as the deeds and plats referred to in this opinion. Defendant filed no counteraffidavits. The facts as set forth by the plaintiff were, therefore, admitted (St. Louis Fire & Marine Ins. Co. v. Garnier, 24 Ill App2d 408, 164

NE2d 625). In the St. Louis Fire & Marine Co. case the court stated that where plaintiff's affidavits are sufficient, entry of summary judgment is not prevented by reason of the fact that defendant has filed pleadings which on their face set up a good defense.

 The only question which is before us, therefore, is whether the various instruments, which are shown under the facts and upon which the trial court properly rely as being valid, clearly show an easement or similar right being created in favor of the club. The agreement between Blaes and Glen View Club made in 1902 provided that Blaes "grants and leases in perpetuity for the purpose of a private road, street or thoroughfare to the party of the second part (the Glen View Club)." The agreement also provided that Blaes could also use the road so long as the club continued to use it as a road. The wording of the 1902 agreement created a "lease in perpetuity" which would appear to be analogous to the creation of an "easement." As stated by the trial court, the wording at the very least created an easement. The only question which was raised in connection with the 1902 agreement arose from the fact that it referred to the land as being in Range 12. In the later deed referring to the easement, this was properly described as Range 13, and in all subsequent plats and the Torrens decree, the proper reference was to Range 13. The purpose of a description in the deed is to identify the particular subject matter of the grant, and, if it is possible to ascertain from the description, aided by extrinsic evidence, what property is intended, the conveyance would not be declared void (Brunotte v. De Witt, 360 Ill 518, 528, 196 NE 489).

██ In the 1920 deed from Blaes to Genevra Couch, it is expressly stated that the east 33 feet of the property conveyed was part of a private road which Blaes and the Glen View Club "have and are to continue to have" a right of way. This deed to Couch clearly reserved an

137

easement in the grantor Blaes, and, also, in the Glen View Club even though the word "easement" was not expressly used (Chicago Title & Trust Co. v. Wabash-Randolph Corp., 384 Ill 78, 84, 51 NE2d 132). It is thus apparent that the deed from Blaes to Genevra Couch was sufficient in itself to establish or confirm the creation of the easement in favor of the club without any reference to the 1902 agreement.

We have the further circumstance that the plaintiff club was paid damages for a portion of the easement in a condemnation action by the Forest Preserve District and that a plat was filed by the owner of a neighboring tract which showed the existence of the easement. The Torrens decree was also a court determination that such easement existed and the Torrens certificate showing title in the Harris Trust and Savings Bank, as Trustee for defendant Becker, recited that the east 33 feet of such property was part of a private road available for use by the golf club and Becker.

██ When we consider all of these documents which were expressly set forth in the plaintiff's complaint and supporting affidavits and were not refuted in any manner by defendant, it is clear that there was no question of fact which was presented as to the existence of the easement. The case before us is analogous to Brooks v. Dean Berenz Asphalt Co., Inc., 83 Ill App2d 258, 227 NE2d 100, where the court examined the pleadings and affidavits and concluded from such facts presented that there was no liability as a matter of law. It is obvious from the instruments and affidavits in the instant case that the easement had been created and was still in existence, and the trial court properly reached this conclusion in granting summary judgment in favor of plaintiff. No reformation of the 1902 deed from Blaes was required as a preliminary step to the granting of such relief.

██ We note, also, that the property owner had notice of the existence of the easement at the time he began his

encroachment on the easement area. Accordingly, the trial court was correct in decreeing that he remove such encroachments. The record shows that letters were written to the property owner at the time he began his encroachments informing him of the easement. Removal of the encroachment by defendant was, therefore, properly directed (Ariola v. Nigro, 16 Ill2d 46, 156 NE2d 536; The Fair v. Evergreen Park Shopping Plaza of Delaware, Inc., 4 Ill App2d 454, 124 NE2d 649).

Since the action of the trial court was proper under the facts in the record, the decree entered in the Circuit Court of Cook County will be affirmed.

Affirmed.

STOUDER, P. J. and RYAN, J., concur.