DAVID LaMONTE, Plaintiff-Appellant, *v.* THE CITY OF BELLEVILLE *et al.*,
Defendants-Appellees.

Fifth District   No. 76-134

Opinion filed August 27, 1976.

698

George L. Parker and Stuart R. Berkowitz, both of Land of Lincoln Legal Assistance Foundation, Inc., of East St. Louis, for appellant.

Patrick M. Flynn, of Belleville, for appellees.

Mr. PRESIDING JUSTICE KARNS delivered the opinion of the court:
This is an appeal from an order of the Circuit Court of St. Clair County granting defendant-appellee W. J. Whitney's motion for summary judgment and granting the motion of defendant-appellee City of Belleville (hereinafter City) to strike plaintiff's amended complaint.

Plaintiff-appellant David A. LaMonte contends the trial court erred in granting Whitney's motion for summary judgment as the record indicates the existence of a genuine issue of material fact. Further, appellant urges that Whitney is not entitled to summary judgment as a matter of law because his failure affirmatively to assert the defense of justifiable use of force bars its use as the basis of his motion for summary judgment. Appellant contends the trial court erred in granting the City's motion to strike plaintiff's amended complaint for failure to state a claim, as the complaint stated a cause of action based on the common law intentional torts of assault and battery.

On December 11, 1973, while on duty as a Belleville police officer, Whitney responded to a call reporting the armed robbery of a liquor store. Whitney encountered a suspect, LaMonte, and in subduing him fired a total of five shots, at least three of which struck LaMonte.

Plaintiff filed a verified complaint against the police officer and the City alleging a denial of constitutional rights under 42 U.S.C. §1983. After the filing of a verified answer, the court granted the City's motion to dismiss the complaint for failure to state a cause of action and granted plaintiff leave to amend. Plaintiff's unverified amended complaint alleged the same material facts as the original complaint and contained three counts. The first count stated a cause of action against the police officer based on 42 U.S.C. §1983. The second and third counts incorporated the allegations of the first count, including violation of 42 U.S.C. §1983, alleging that Whitney had committed willful and wanton misconduct within the scope of his employment and asserted liability of the City under the doctrine of *respondeat superior*. The City moved for dismissal of the complaint and Whitney moved for summary judgment. Whitney filed an affidavit and attached unsigned copies of his police report and the reports of five other police officers in support of his motion. LaMonte filed no counter-affidavit.

In Officer Whitney's police report, incorporated by reference in his affidavit, the officer stated he responded to the report of the robbery. Patrolling the area near the liquor store on foot, Whitney encountered LaMonte, who answered the description of the suspect. Whitney identified himself as a police officer and ordered LaMonte to halt and raise his hands. As Whitney advanced toward LaMonte, the suspect reached for a pistol he was carrying and the officer shot him. After obtaining control over LaMonte's pistol, the officer again ordered the suspect to halt. LaMonte continued to flee and to struggle for something underneath his coat whereupon the officer fired four additional shots before subduing him. LaMonte was later tried and convicted of armed robbery in the Circuit Court of St. Clair County.

Section 57 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57)

allows a party to move for summary judgment with or without affidavits. If the pleadings together with the affidavits show no genuine issue of material fact, and the movant is entitled to judgment as a matter of law, summary judgment should be granted.

The first issue to be determined is the admissibility of Whitney's affidavit in support of his motion for summary judgment. Supreme Court Rule 191 (Ill. Rev. Stat. 1975, ch. 110A, par. 191), governing the admissibility of affidavits, requires that the document set forth facts within the personal knowledge of the affiant and that sworn certified copies of all papers upon which the affiant relies be attached to the affidavit. Appellant urges that the trial court improperly considered the police reports of the officers other than defendant since the facts alleged in these police reports were outside the personal knowledge of the defendant. Appellant also urges that the trial court improperly considered the defendant's own police report, submitted with his affidavit, as the report was neither sworn nor certified.

■■ The failure of the defendant to attach sworn or certified copies of his police report, in technical violation of Rule 191, does not render the report inadmissible. In his sworn affidavit, the defendant affirmatively stated that the facts alleged in the police report were true. In *Ragen v. Wolfner*, 43 Ill. App. 2d 70, 76, 192 N.E.2d 560, 564 (1st Dist. 1963), where exhibits attached to affidavits were not sworn or certified, the court held "the references thereto in the text of the affidavits were such as to render the exhibits verified copies in each instance."

■■ Technical insufficiencies in affidavits submitted to the court in support of a motion for summary judgment should be disregarded where it affirmatively appears from the whole of the documents that the affiant would be a competent witness if called. (*Ragen v. Wolfner; Saghin v. Romash*, 122 Ill. App. 2d 473, 258 N.E.2d 581 (2d Dist. 1970).) It is clear that Whitney is a competent witness as to the factual events recited in his police report and attached to his affidavit.

■■ It is true, as appellant notes, that the trial court in considering a motion for summary judgment may not consider evidentiary matter that would be inadmissible upon a trial of the issue including recitals of fact outside the personal knowledge of the affiant. (*Hendricks v. Deterts*, 13 Ill. App. 3d 976, 301 N.E.2d 625 (4th Dist. 1973).) Thus the copies of police reports submitted by officers other than Whitney were improperly before the court. But where those recitals of fact outside of the personal knowledge of the affiant are not material to the determination of the existence of a triable issue of fact, they may be treated as if omitted entirely. (*City of Quincy v. Sturhahn*, 18 Ill. 2d 604, 165 N.E.2d 271 (1960).) If the record as a whole, excluding the reports improperly before the court, indicates no genuine issue of material fact and that the movant

is entitled to judgment as a matter of law, then summary judgment is properly granted.

The purpose of summary judgment is to facilitate litigation and expedite trial procedure. (*Barkhausen v. Naugher*, 395 Ill. 562, 70 N.E.2d 565 (1946).) Because the resulting dismissal of the cause of action is a drastic measure, summary judgment should be awarded with caution. (*Solone v. Reck*, 32 Ill. App. 2d 308, 177 N.E.2d 879 (1st Dist. 1961); *Rivan Die Mold Corp. v. Stewart-Warner Corp.*, 26 Ill. App. 3d 637, 325 N.E.2d 357 (1st Dist. 1975).) The trial court must consider the record as a whole, construing "the pleadings, depositions, and affidavits most strictly against the moving party and most liberally in favor of the opponent in order to determine whether there is a genuine issue as to a material fact." *Rivan Die Mold Corp. v. Stewart-Warner Corp.*, 26 Ill. App. 3d 637, 641, 325 N.E.2d 357, 360.

In the instant case the record consists of appellant's verified complaint and the unverified amended complaint. In the original complaint the appellant alleged that he had offered no resistance. In the unverified amended complaint appellant alleged substantially the same facts and additionally alleged that he did not attempt to escape. In his verified answer appellee denied these allegations. Taken alone, an issue of fact as to the resistance of appellee to the order to halt by the police officer is made out. The appellee's police report, however, incorporated by reference in appellee's affidavit, alleges material facts in opposition to appellant's claim.

In *Tau Delta Phi v. Gutierrez*, 89 Ill. App. 2d 25, 232 N.E.2d 205 (1st Dist. 1967), summary judgment for the plaintiff was entered in an action by a tenant for specific performance of an option to purchase a building. Defendant contended that her affidavit alleging that the plaintiff informed her that plaintiff had no intention of exercising the option created a material issue of fact. The court held that, without an amplification of the context of the alleged conversation, the affidavit amounted to no more than a conclusion of fact, and a "mere allegation that a triable issue of fact exists does not create such an issue." 89 Ill. App. 2d 25, 33, 232 N.E.2d 205, 210.

■■ Where the party moving for summary judgment files supporting affidavits containing well-pleaded facts and the opposing party files no counteraffidavits, the material facts set forth in the affidavits stand as admitted. (*Glen View Club v. Becker*, 113 Ill. App. 2d 127, 251 N.E.2d 778 (1st Dist. 1969); *Fooden v. Board of Governors*, 48 Ill. 2d 580, 272 N.E.2d 497 (1971).) The party opposing the motion for summary judgment cannot rely solely on his complaint to rebut the allegations of fact in a supporting affidavit, and even "the allegations of the verified complaint of plaintiffs cannot prevail over the uncontradicted facts set

forth in the affidavits presented by defendants in support of their motion for summary judgment." *Janes v. First Federal Savings & Loan Association*, 11 Ill. App. 3d 631, 640-41, 297 N.E.2d 255 (1st Dist. 1973); *Walsh v. Monumental Life Insurance Co.*, 46 Ill. App. 2d 431, 197 N.E.2d 124 (1st Dist. 1964).

■■ Here appellant's allegation in his pleadings that he offered no resistance and did not attempt to escape amount to no more than conclusions of fact. The allegations in the pleadings are insufficient to create an issue of material fact in opposition to the uncontradicted facts set forth in the defendant's affidavit submitted in support of his motion for summary judgment.

■■ It remains to be determined whether the appellee was entitled to summary judgment as a matter of law. In his motion for summary judgment, appellee implicitly raised the defense of use of justifiable force. The measure of the police officer's civil liability for use of deadly force is co-extensive with his criminal liability. See *Krantz v. O'Neil*, 99 Ill. App. 2d 179, 240 N.E.2d 180 (1st Dist. 1968); *cf. Schnepf v. Grubb*, 125 Ill. App. 2d 432, 261 N.E.2d 47 (4th Dist. 1970).

Section 7—5 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 7—5) codifies the common law doctrine of use of potentially deadly force as it has developed in Illinois. The officer is allowed to use force likely to cause death or great bodily harm when the officer reasonably believes such force is necessary to prevent death or great bodily harm to himself or others. The officer is also justified in using such force when he reasonably believes that such force is necessary to prevent the arrest from being defeated by resistance or escape and the person to be arrested has committed or attempted a forcible felony or is attempting to escape by use of a deadly weapon.

■■ The appellee's failure to assert the defense of use of justifiable force affirmatively is not, contrary to appellant's contention, a bar to its use as the basis of a motion for summary judgment. Where a particular issue is raised by a denial, there is no need to assert it as an affirmative defense. (*Horst v. Morand Brothers Beverage Co.*, 96 Ill. App. 2d 68, 237 N.E.2d 732 (1st Dist. 1968).) In his verified answer defendant admitted the discharge of his revolver but denied the plaintiff's allegations that his intent was to kill or cause great bodily harm. Defendant also denied the plaintiff's allegation that plaintiff offered no resistance. The denial was sufficient to raise the defense of use of justifiable force and it was not necessary to raise it affirmatively.

In *Metropolitan Sanitary District v. Anthony Pontarelli & Sons, Inc.*, 7 Ill. App. 3d 829, 288 N.E.2d 905 (1st Dist. 1972), where summary judgment for the defendant was granted on the basis of affidavits filed before the answer, the court held it was not "prohibited from considering

affirmative defenses raised in the motion for summary judgment in spite of the fact that those matters were not raised in an answer or by a motion under Ill. Rev. Stat. 1967, ch. 110, par. 43(4) or 48." 7 Ill. App. 3d 829, 839, 288 N.E.2d 905, 911.

■■ From the uncontradicted facts alleged by the defendant in his affidavit, it is clear that his use of force likely to cause death or great bodily harm was justified under common law principles as codified in section 7—5 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 7—5). The appellant answered the description of the suspect in the armed robbery of the liquor store and was sighted shortly after the robbery in the immediate vicinity of the liquor store. Officer Whitney ordered the suspect to halt, and the appellant reached for a gun as the officer approached. After being disarmed in the struggle, appellant continued his effort to escape despite orders to halt by Officer Whitney. It is clear that Officer Whitney was justified in his use of force when such force was necessary to prevent the escape of the suspect whom the officer reasonably believed had committed a forcible felony. As a matter of law, Whitney was entitled to summary judgment based on the uncontradicted facts alleged in his supporting affidavit.

The striking of the amended complaint as to the City for failure to state a claim was improper. The first count of the amended complaint stated a cause of action against defendant Whitney based on the Federal Civil Rights Act of 1871 (42 U.S.C. §1983). Counts II and III of the amended complaint incorporated the charges of count I by reference, including the reference to the Federal Civil Rights Act, and asserted liability of both defendants.

■■ It is true that the municipal entity cannot be held liable under 42 U.S.C. §1983, as the entity is not a "person" within the meaning of the statute. (*Moor v. County of Alameda,* 411 U.S. 693, 36 L. Ed. 2d 596, 93 S. Ct. 1785 (1973); *Hampton v. City of Chicago,* 484 F. 2d 602 (7th Cir. 1973).) The erroneous reference to the Federal Civil Rights Act in the amended complaint is not, however, sufficient cause to dismiss.

■■ A motion to dismiss admits all facts well pleaded. (*Dinn Oil Co. v. Hanover Insurance Co.,* 87 Ill. App. 2d 206, 230 N.E.2d 702 (5th Dist. 1967).) Amendments are to be construed liberally to the end that the controversy may be decided upon its merits and in furtherance of justice. (Ill. Rev. Stat. 1975, ch. 110, par. 46; *Cain v. New York Central R.R. Co.,* 35 Ill. App. 2d 333, 182 N.E.2d 910 (1st Dist. 1962).) "Applying these rules of liberal construction, a cause of action should not be dismissed on the pleadings unless it appears that no set of facts can be proved which will entitle the pleader to relief * * *." *Dinn Oil Co. v. Hanover Insurance Co.,* 87 Ill. App. 2d 206, 211, 230 N.E.2d 702, 705.

■■ In the instant case, counts II & III alleged facts which, if proven,

would be sufficient to recover against defendant Whitney based on the common law torts of assault and battery. The defendant City would be liable under the theory of *respondeat superior*. Governmental units are liable in tort on the same basis as private tortfeasors unless a valid statute dealing with tort immunity imposes conditions upon that liability, whether negligent torts or willful and wanton torts are involved. *Krieger v. Village of Carpentersville*, 8 Ill. App. 3d 243, 289 N.E.2d 481 (2d Dist. 1972).

■■ Under the Illinois Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1975, ch. 85, par. 1—101 *et seq.*) a municipal corporation is immune from liability for the tortious acts of its employees committed in the execution or enforcement of any law unless the acts constitute willful and wanton misconduct. (*Hampton v. City of Chicago.*) Here, the amended complaint alleged willful and wanton misconduct by the police officer. The allegations of the amended complaint are sufficient to state a cause of action against the City under the Tort Immunity Act. *Arnolt v. City of Highland Park*, 52 Ill. 2d 27, 282 N.E.2d 144 (1972); *Hampton v. City of Chicago.*

■■ The issue is rendered moot, however, in light of the disposition of the claim against Officer Whitney. Section 2—202 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1975, ch. 85, par. 1—101 *et seq.*) provides that a public employee is not liable for an act or omission committed in the execution or enforcement of any law unless such act or omission constitutes willful and wanton negligence. Section 2—109 of the Act provides that a local public entity is not liable for an injury resulting from an act or omission of an employee where the employee is not liable.

The disposition of the appellant's claim against the appellee, Whitney, operates as an adjudication of his liability. Because the issue of the employee's liability has been litigated and the employee Whitney is not liable, appellant is barred by section 2—109 from further proceedings against the City of Belleville.

The judgment of the Circuit Court of St. Clair County is affirmed.

Affirmed.

JONES and G. J. MORAN, JJ., concur.