CARL FREY *et al.*, Plaintiffs-Appellants, *v.* BELLEVILLE NEWS-DEMOCRAT, INC., Defendant-Appellee.

Fifth District   No. 78-13

Opinion filed August 25, 1978—Rehearing denied October 2, 1978.

Joel V. Merkel, of Gagen & Merkel, of Lebanon, for appellants.

William D. Stiehl, of Belleville, and L. Michael Zinser, of King & Ballow, of Nashville, Tennessee, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiffs, distributors of defendant's newspaper, sued for damages alleging defendant's wrongful use of plaintiffs' customer, or route, list which defendant obtained from plaintiffs. Plaintiffs appeal an order of the

Circuit Court of St. Clair County which denied their motion to reconsider the court's earlier order granting summary judgment to the defendant and denying plaintiffs' motion for leave to file an amended complaint.

In a two-count complaint, plaintiffs alleged that they were the exclusive distributors of defendant's newspaper from November 1958 to May 1976. They further alleged that they developed through their own efforts a list of customers to whom the paper was distributed. Defendant, plaintiffs assert, fraudulently induced plaintiffs to furnish defendant with the list, which defendant used for distributing the newspapers directly to its customers. In count I, plaintiffs claimed to have suffered a loss of property and income by their reliance on defendant's alleged material false and deceitful representation. In count II, plaintiffs claimed to have had a property interest in the customer list, which defendant used to its unjust enrichment. Plaintiffs demanded trial by jury.

Defendant denied making any deceitful misrepresentations, but admitted that plaintiffs were compensated for furnishing the list and keeping it current.

Plaintiff Carl Frey, in a deposition, stated that the ownership of the customer list was not discussed at the time he and defendant entered into their business relationship. He further stated that he had never known of any instance in which defendant had terminated a distribution relationship and then recognized a property right of the distributor in the circulation list.

Defendant filed a motion for summary judgment, alleging that Illinois law does not recognize a property right in a newspaper circulation list and that the parties did not recognize such an interest. Attached to the motion were the affidavits of Michael E. Davis, circulation director of defendant, and Robert L. Kern, former editor, publisher and owner of defendant. Affiants stated that the lists belonged to defendant and that the distributors, upon appointment, were given a list of subscribers. Robert L. Kern, in addition, stated that the distributor paid nothing of value for the lists and that defendant gave plaintiffs a subscriber list.

In the affidavits accompanying plaintiffs' answers to defendant's motion for summary judgment, plaintiffs had no recollection of being supplied by defendant with the customer list, alleging that they had developed their own list. Plaintiffs were hesitant to prepare a customer list for defendant, but were assured that the list would only be used for advertising purposes. In addition, plaintiffs discussed with defendant the possibility of selling the distributorship to defendant. Defendant later contacted plaintiffs to inquire whether plaintiffs were still interested in the sale.

At the time plaintiffs filed a second answer to defendant's motion for summary judgment, they filed a motion for leave of court to file an

amended complaint setting forth an action based on an implied in fact contract.

The trial court granted summary judgment to defendant and, in effect, denied plaintiffs' motion to amend their complaint. The court found neither the existence of an express or implied contract nor any right in plaintiffs to the list. Plaintiffs, thereafter, filed a motion for reconsideration, which was denied.

The issues on appeal are whether the trial court properly granted defendant's motion for summary judgment and whether it properly refused plaintiffs' motion to amend the complaint.

Section 57 of the Civil Practice Act describes the standard governing motions for summary judgment as follows:

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ill. Rev. Stat. 1977, ch. 110, par. 57.

■■ If there is any disputed material fact, a triable issue exists and the motion for summary judgment must be denied. In determining the existence of a material dispute, the pleadings, affidavits and depositions must be strictly construed against the moving party and liberally in favor of the opponent. (*Giova v. Carrol*, 109 Ill. App. 2d 259, 264-65, 248 N.E.2d 836, 840 (2d Dist. 1969); *Lumbermens Mutual Casualty Co. v. Poths*, 104 Ill. App. 2d 80, 87-88, 243 N.E.2d 40, 45 (2d Dist. 1968).) While summary judgment is an invaluable tool to be utilized in cases having no material factual disputes, its application must be strictly scrutinized to determine the existence of possible material factual discrepancies.

> "[Summary judgment] is a remedy to be awarded with some caution so as not to preempt the right to a trial by jury or the right to fully present the factual basis for a case where a material dispute may exist." *Lumbermens Mutual Casualty Co. v. Poths*, 104 Ill. App. 2d 80, 87, 243 N.E.2d 40, 44-45; *Ruby v. Wayman*, 99 Ill. App. 2d 146, 149-50, 240 N.E.2d 699, 700 (2d Dist. 1968).

■■ Applying these principles, it is clear that the trial court erred in granting defendant's motion for summary judgment. There are numerous factual discrepancies in the record which go to the core of the controversy. For example, plaintiffs allege that they developed and updated the customer list themselves; that they exercised control over the list; and that they were fraudulently induced to give the list to defendant. Defendant, however, vigorously denies plaintiffs' allegations. Defendant claims that it supplied plaintiffs with a copy of the customer list. In addition, defendant asserts that control of the list was always exercised by

defendant. Although defendant admits the existence of disputed facts, it argues, and the trial court agreed, that the facts, alleged by plaintiff, cannot as a matter of law support a judgment for plaintiffs. We disagree. In *Litow v. Aurora Beacon News*, 61 Ill. App. 2d 127, 209 N.E.2d 668 (2d Dist. 1965), in which the facts and allegations of the parties are similar to the controversy at hand, the court found that the plaintiff could recover upon a showing of an implied contract in fact. The plaintiff in *Litow* was the newspaper distributor for defendant Aurora Beacon News. Plaintiff obtained the distribution routes by purchasing the news agency which previously had distributed the paper. Plaintiff expended substantial time and money, managed to increase the paper's circulation, and compiled route lists. Defendant informed plaintiff that his services were no longer needed and sought to take over the distribution of the paper. Defendant asked plaintiff for the current route list but plaintiff refused. Defendant, however, already had a copy of the list, having obtained it previously from plaintiff allegedly for advertising purposes. Defendant, thereafter, used plaintiff's lists and distributed the papers directly to its customers. Plaintiff's allegations are similar to the ones alleged here. In part, plaintiff alleged (1) that defendant appropriated plaintiff's routes to defendant's unjust enrichment; (2) that plaintiff had a property interest in the distribution route; (3) that defendant fraudulently obtained plaintiff's route lists by false representations; and (4) that defendant be enjoined from using the route lists. The parties and the court agreed that plaintiff's recovery depended upon the existence of a contract, whether express or implied. The court found that the allegations of unjust enrichment, a property interest in the list and fraudulent appropriation, were based upon the theory of a contract implied in fact.

If plaintiffs here can present facts, which support a finding of such a contract, the motion for summary judgment was inappropriate. A contract implied in fact arises not by the express agreement of the parties, either verbal or written, but by their acts and conduct showing an intention to be bound. *Litow v. Aurora*, 61 Ill. App. 2d 127, 133, 209 N.E.2d 668, 671 (2d Dist. 1965); 17 C.J.S. *Contracts* §4 (1963).

We believe that plaintiffs must be afforded an opportunity to present their evidence to the jury tending to prove the existence of a contract implied in fact. Plaintiffs admit that the custom and usage in the trade support defendant's allegations that the subscriber list belongs to the newspaper. But, other facts may exist, which, if believed by the jury, could support plaintiffs' recovery. Certainly, facts to support plaintiffs' allegations that they prepared and exercised control over the list are relevant to the issue of an implied contract. A jury could conceivably find an implied agreement, in which defendant recognized the customer lists as having value to plaintiffs. For example, plaintiffs alleged that defendant

was interested in purchasing the distributorship and further alleged that defendant offered to compensate plaintiffs for preparing an updated list. These fact questions, in conjunction with the other allegations of plaintiffs, shed light on the possible existence of an implied contract in fact.

While we pass no judgment on the ultimate merits of plaintiffs' complaint, the trial court erred by refusing plaintiffs the right to present their case to a jury. We, therefore, hold that genuine issues of material fact exist and that the motion for summary judgment was improperly granted.

The second issue, which we address, is the propriety of the trial court's refusal to allow plaintiffs to amend their complaint.

■■ In general, "[a]mendments are to be construed liberally to the end that the controversy may be decided upon its merits and in furtherance of justice." (*LaMonte v. City of Belleville*, 41 Ill. App. 3d 697, 704, 355 N.E.2d 70, 77 (5th Dist. 1976).) "Applying these rules of liberal construction, a cause of action should not be dismissed on the pleadings unless it appears that no set of facts can be proved which will entitle the pleader to relief * * *." (*LaMonte v. City of Belleville*, 41 Ill. App. 3d 697, 704, 355 N.E.2d 70, 77 (quoting from *Dinn Oil Co. v. Hanover Insurance Co.*, 87 Ill. App. 2d 206, 211, 230 N.E.2d 702, 705 (5th Dist. 1967)).) A trial court has discretion whether to permit an amendment to the pleadings, and absent an abuse of discretion, its decision will not be disturbed on review. *Uscian v. Blacconeri*, 35 Ill. App. 3d 80, 340 N.E.2d 618 (1st Dist. 1975).

■■ Applying these principles, it is clear that the trial court abused its discretion by denying plaintiffs' motion to amend their complaint. As recognized in *Litow*, the allegations of (1) a property right in a newspaper customer list and (2) fraud by defendant in obtaining such a list are dependent upon the existence of a contractual relationship. Plaintiffs' two original counts and the amended cause of action based on an implied contract in fact are so closely connected that the trial court abused its discretion by failing to adhere to the principle that amendments are to be liberally construed.

In light of the above, the judgment of the lower court is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

JONES and G. J. MORAN, JJ., concur.