GLEN A. MATTILA, Plaintiff-Appellant, v. THE CITY OF BELLEVILLE *et al.*, Defendants-Appellees.

Fifth District   No. 5—88—0134

Opinion filed June 5, 1989.

Joseph L. Bauer, Jr., and Kirby Palmer, both of Carr, Korein, Schlichter, Kunin & Montroy, of East St. Louis, for appellant.

Russell K. Scott, of Dunham, Boman & Leskera, of East St. Louis, for appellee City of Belleville.

JUSTICE RARICK delivered the opinion of the court:

Plaintiff, Glen Mattila, appeals the dismissal by the circuit court of St. Clair County of count I of his complaint. We reverse and remand.

Plaintiff brought suit against the City of Belleville (City) and its police chief, Barry Biehl (Biehl), for personal injuries he sustained from being shot by Biehl. Plaintiff's second amended complaint alleged Biehl fired a shotgun through a door while executing a search warrant, thereby injuring him. Count I of his complaint was brought against the City on the theory of *respondeat superior*. Counts II and III were against Biehl on the theories of assault and willful and wan-

ton conduct. The City moved to dismiss count I of plaintiff's complaint on the ground it did not allege any wrongful conduct on the part of the City. The trial court allowed the City's motion and, accordingly, dismissed with prejudice count I of plaintiff's complaint.

Plaintiff argues on appeal that a municipality is liable in *respondeat superior* for an employee's willful and wanton execution or enforcement of law and that the language of count I of his complaint clearly alleged such liability for the acts of Biehl. Specifically, plaintiff alleged in count I that Biehl committed a tort while acting within the scope and course of his employment (while executing a search warrant pursuant to the authority conferred upon him by the City) that was either intentional or with reckless disregard for the plaintiff's safety. Count I further alleged the City was acting by and through Biehl. Plaintiff therefore believes count I of his complaint states a cause of action against the City. We agree.

Under the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1981, ch. 85, par. 1—101 *et seq.*), a municipal corporation is immune from liability for the tortious acts of its employees committed in the execution or enforcement of any law unless the acts constitute willful and wanton misconduct. (Ill. Rev. Stat. 1981, ch. 85, pars. 2—109, 2—202; *LaMonte v. City of Belleville* (1976), 41 Ill. App. 3d 697, 705, 355 N.E.2d 70, 78. See also *Arnolt v. City of Highland Park* (1972), 52 Ill. 2d 27, 31, 282 N.E.2d 144, 146; *McCottrell v. City of Chicago* (1985), 135 Ill. App. 3d 517, 518-19, 481 N.E.2d 1058, 1059; *Firestone v. Fritz* (1983), 119 Ill. App. 3d 685, 689, 456 N.E.2d 904, 908.) Willful and wanton conduct is that conduct which is intentional or committed under circumstances exhibiting a reckless disregard for the safety of others. (*Glover v. City of Chicago* (1982), 106 Ill. App. 3d 1066, 1074-75, 436 N.E.2d 623, 630.) Merely because plaintiff chose to use language which defines willful and wanton in his complaint instead of the terms themselves does not render plaintiff's complaint incomplete or improper. We therefore fail to see how plaintiff failed to state a cause of action against the City under the Tort Immunity Act. (See *Glover*, 106 Ill. App. 3d at 1074, 436 N.E.2d at 630; *LaMonte*, 41 Ill. App. 3d at 705, 355 N.E.2d at 78.) While the City argues a public entity, under the holding of *Monell v. Department of Social Services* (1978), 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018, cannot be held in *respondeat superior* for a civil rights claim, the City fails to recognize plaintiff did not file a civil rights claim under 42 U.S.C. §1983. Plaintiff simply has not alleged a deprivation of civil or constitutional rights in this instance. Moreover, a municipality is not immunized from liability

for the willful and wanton acts of its police officers merely because section 1—4—6 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, par. 1—4—6) provides that a municipality need not indemnify a police officer for monetary judgments resulting from the officer's willful misconduct. (See *Arnolt,* 52 Ill. 2d at 32, 282 N.E.2d at 147.) We therefore conclude the trial court improperly dismissed count I of plaintiff's complaint.

For the aforementioned reasons, we reverse the order of the circuit court of St. Clair County dismissing count I of plaintiff's second amended complaint and remand for further proceedings.

Reversed and remanded.

HARRISON and CHAPMAN, JJ., concur.