Brian J. FLOWERS, Plaintiff,

v.

CITY OF HARVEY, an Illinois municipal corporation, Police Officer R. Wells, Police Officer S. Porter, Police Officer W. Overton, Police Officer C. Sampson, Defendants.

No. 89 C 6365.

United States District Court,
N.D. Illinois, E.D.

Jan. 31, 1990.

John B. Murphy, Rosenthal Murphy Coblentz & Janega, Chicago, Ill., Robert P. Stan, New Lenox, Ill., for plaintiff.

James D. Montgomery, Jean M. Templeton, Chicago, Ill, for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The plaintiff, Brian J. Flowers filed this suit subsequent to an arrest conducted by members of the City of Harvey Police Department. Flowers alleges that the individual defendants, Police Officers Wells, Porter, Overton and Sampson (collectively "individual defendants") used excessive and unreasonable physical force, unlawfully struck, and otherwise injured Flowers when executing this arrest and while the plaintiff was in their custody. The complaint has two counts. Count I is brought under 42 U.S.C. § 1983 against the individual defendants alleging violations of Flowers' Fourth and Fourteenth Amendment rights.[1] Count II is brought against both the individual defendants and the City of Harvey ("City") alleging liability under Illinois law of assault and battery. Flowers invokes the doctrine of pendent party jurisdiction as the basis for our jurisdiction over his claim against the City. The City has moved for an order dismissing it from Count II. For the reasons discussed below, we grant the City's motion to dismiss.

Although it appears that the City may be liable under Illinois law should the plaintiff succeed in proving his allegations,[2] we do not believe this Court is the proper forum in which to try Flowers' case against the City. Whether a federal court should hear

---

**1.** In its motion to dismiss, the City assumed it was a named party to the § 1983 claim. City of Harvey's Motion to Strike and Dismiss Plaintiff's Complaint, ¶ 2. In his answer, plaintiff clarified that the City is not a party to this claim. Plaintiff's Answer to City of Harvey's Motion to Strike and Dismiss ¶ 2. By agreement of the parties therefore, Count I against the City, assuming it was ever filed against the City, is dismissed.

**2.** As grounds for its dismissal from Count II, the City principally argues that the question of its ultimate liability is governed by the Illinois Local Governmental and Governmental Employees Tort Immunity Act (Ill.Rev.Stat., 1981, ch.

85, § 1–101, et seq.) ("Tort Immunity Act"). The City contends that there is currently a split among the Illinois Appellate Districts regarding the interpretation of the statute as it relates to a municipality's liability for the acts of an employee where the employee's conduct is willful and wanton. We agree that such a split would weigh strongly in favor of refusing to exercise pendent party jurisdiction. However, based on our limited review of the statute and case law, the City's argument appears to be unfounded. "Under the [Tort Immunity Act], a municipal corporation is immune from liability for the tortious acts of its employees committed in the execution or enforcement of any law unless the

claims against a defendant sued only under state law has been a subject of great debate. Although the majority of circuits have allowed district courts to entertain pendent party jurisdiction, the Ninth Circuit has rejected the procedure. *See, Ayala v. United States*, 550 F.2d 1196, 2000–01 (9th Cir.1977). This circuit has referred to the concept as "embattled," *see Moore v. Marketplace Restaurant*, 754 F.2d 1336, 1360 (7th Cir., 1985) (Posner, J. concurring in part, dissenting in part) *citing, Bernstein v. Lind–Waldock & Co.*, 738 F.2d 179, 187 (7th Cir., 1984), but will allow pendent party jurisdiction to be exercised in certain circumstances. *See Huffman v. Hains*, 865 F.2d 920, 922 (7th Cir., 1989). *Huffman* set out a two step test which must be satisfied in order for a court to exercise pendent party jurisdiction:

> First, the court must examine whether the constitutional power to exercise such jurisdiction exists. Second, the court must examine whether Congress has limited the court's power to exercise pendent party jurisdiction in the specific statutory provision conferring federal jurisdiction in that case.

*Id.*, citing, *Zabkowicz v. West Bend Co.*, 789 F.2d 540, 546 (7th Cir., 1986). If both prongs are satisfied, the court has the *power* to hear a pendent party claim but nevertheless may, in its discretion, still refuse to exercise such jurisdiction. *Zabkowicz*, 789 F.2d at 546.

The first prong of the test calls for a court to determine (1) whether the federal claim is sufficient to confer federal jurisdiction over the case and (2) whether the state and federal claims derive " 'from a common nucleus of operative fact' such that a plaintiff would 'ordinarily be expected to try them all in one proceeding.' " *Zabkowicz*, 789 F.2d at 546, quoting, *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). The Section 1983 claim filed against the individual defendants herein provides the underlying federal claim on which Flowers attempts to sustain his pendent state claim against the City. His allegations against the individual defendants clearly assert a nonfrivolous suit which is sufficient to invoke this Court's jurisdiction under the congressional grant provided in 28 U.S.C. § 1343. The state claim filed against the City derives from the identical events which underlay the Section 1983 claim and would, absent further considerations, ordinarily be tried in one proceeding in order to conserve judicial resources. Therefore, the first requirement for exercising pendent party jurisdiction is satisfied.

Given the context in which this suit is filed, however, the second prong of the test is not satisfied. "The statutory power to exercise pendent party jurisdiction depends upon whether 'Congress in the [particular statutory grant at issue] has ... expressly or by implication negated' pendent party jurisdiction." *Huffman*, 865 F.2d at 922–23, *quoting, Aldinger v. Howard*, 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976). When determining whether to add pendent parties, the federal courts "will not read jurisdictional statutes broadly." *Finley v. United States*, — U.S. —, 109 S.Ct. 2003, 2007, 104 L.Ed.2d 593 (1989). The issue presented here is whether a court may exercise pendent party jurisdiction to hear a state tort claim filed against a city when the underlying federal jurisdiction is based on a Section 1983 claim. In *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978), the Supreme Court construed Section 1983 to authorize municipal liability only in those cases where the plaintiff alleges and proves the existence of a governmental policy or custom authorizing the tortious conduct. Sec-

---

acts constitute willful and wanton misconduct." *Mattila v. City of Belleville*, 184 Ill.App.3d 49, 50, 132 Ill.Dec. 485, 486–87, 539 N.E.2d 1291, 1292–93, (5th Dist.1989); Ill.Rev.Stat., 1981, ch. 85, ¶¶ 2–109, 2–202. Given the plain language of the Tort Immunity Act it appears fairly certain that the Illinois legislature has not exempted municipalities from liability in cases involving willful or wanton misconduct by their employ-

ees. The case cited by the City for a supposedly contradictory position deals with provisions of the Tort Immunity Act that are unrelated to municipal liability for wilful and wanton acts. *See Emulsicoat, Inc. v. City of Hoopeston*, 99 Ill.App.3d 835, 55 Ill.Dec. 176, 425 N.E.2d 1349 (4th Dist.1981) (dealing with the liability of supervisory employees). Therefore, we base our decision on other grounds.

tion 1983 therefore prohibits municipal liability on the basis of *respondeat superior. Id.*, at 691, 98 S.Ct. at 2036. In the case at bar, the plaintiff has not pleaded the existence of any municipal policy sufficient to invoke Section 1983 liability but instead alleges only that the City is liable on the state law claims under the *respondeat superior* theory. Under *Monell*, the jurisdiction of federal courts to hear Section 1983 claims against municipalities has been limited by Congress to include only those cases in which a policy or custom exists. For this Court to exercise pendent party jurisdiction over a municipal defendant where the state claim is based on *respondeat superior* would allow plaintiffs to "circumvent the thrust of *Monell* and bring municipalities into federal court even in cases where, as here, there is no custom or policy alleged. ... Although this conclusion requires that some interest in judicial economy be sacrificed, we find it is compelled by *Monell.*" *Benton v. Bocian*, No. 86 C 5367 at 9, 1987 WL 11345 (N.D.Ill. 1987). Accordingly, we grant the City's motion and dismiss it from this action. It is so ordered.